1

2    ## United States District Court
     Eastern District of Washington

3

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FEB 1 3 2018

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

4

5    ## Jurisdiction and Venue

6    This is a complaint for refund of taxes or penalties payed under protest and after a claim for refund under 26 U.S.C. § 6702, et all.

7

8    The Court has jurisdiction pursuant to 26 U.S.C. § 6703(c)(2).  Further the United States or one of its agencies are a defendant, 28 U.S.C § 1391.

9

     ## Parties

10   John Schlabach
     PO Box 362
11   Mead, Washington 99021                    **2:18-cv-00053-SMJ**
12   509-953-1060        johnjsch@gmail.com    Case No. _____

13   V.

14   Internal Revenue Service and its agents.
15   Frivolous Return Program Stop 4450
     Ogden Utah, 84201-0021
16

17   ## Statement of the Case
     ## Background
18

19   Plaintiff Schlabach has converted all his received paychecks into lawful money of the United States ("U.S. Notes"), pursuant to the provisions of 12 U.S.C. § 411.
20   Schlabach's process is to stamp "*Redeemed in Lawful Money pursuant to 12 U.S.C. §*
21   *411*" on the endorsement line of each of his paychecks to assert his demand made to the Federal Reserve Bank where his checks are cashed and/or deposited.
22

23       12 U.S. Code § 411 - *Issuance to reserve banks; nature of obligation; redemption*

24       *Federal reserve notes, to be issued at the discretion of the Board of Governors of*
         *the Federal Reserve System for the purpose of making advances to*
25       *Federal reserve banks through the Federal reserve agents as hereinafter set*
         *forth and for no other purpose, are authorized. The said notes shall be*
26       *obligations of the United States and shall be receivable by all national and*
27       *member banks and Federal Reserve banks and for all taxes, customs, and other*
         *public dues.* **They shall be redeemed in lawful money on demand** *at the*
28

*Treasury Department of the United States, in the city of Washington, District of Columbia, **or at any Federal Reserve Bank.*** (Dec. 23, 1913, ch. 6, § 16 (par.), 38 Stat. 265; Jan. 30, 1934, ch. 6, § 2(b)(1), 48 Stat. 337; Aug. 23, 1935, ch. 614, title II, § 203(a), 49 Stat. 704.

It is an undisputed fact that Federal Reserve Notes may be redeemed in lawful money, "US Notes", see: **Milam v. United States, 524 F. 2d 629** - Court of Appeals, 9th Circuit 1974; "Appellant is entitled to redeem his note, but not in precious metal." "**United States v. Thomas, 319 F. 3d 640** - Court of Appeals, 3rd Circuit 2003; Currency, however, differs substantially from such objects. Paper currency, in the form of the Federal Reserve Note, is defined as an "obligation of the United States" that may be "redeemed in lawful money on demand." 12 U.S.C. § 411".

Schlabach's intention is to follow the precise strictures of the statute by making his good faith demand at each interaction with the Federal Reserve Bank. 12 USC § 95a, part 2 provides that: "*no person shall be held liable in any court for or in respect to anything done or omitted in good faith in connection with the administration of, or in pursuance of and in reliance on, this section, or any rule, regulation, instruction, or direction issued hereunder.*"

Federal Reserve Notes are an elastic currency, whereas U.S. Notes are legally limited to only $300,000,000.00 in reserve or circulation. See: 31 § U.S.C. 51 (b)(1). Schlabach considers his pay to be tendered to him in US notes, that is not in reserve currency but in the physical form of Federal Reserve notes. On January 21, 1971 the Treasury chose to quit putting more US notes into circulation because Federal Reserve notes function adequately in all respects like US notes which are in all respects – *Juilliard v. Greenman* 110 US 421 – like Federal Reserve notes. See "Treasury Faqs" webpage – "Legal Tender Status":

*United States notes serve no function that is not already adequately served by Federal Reserve notes. As a result, the Treasury Department stopped issuing United States notes, and none have been placed into circulation since January 21, 1971.*

Supreme Court stated in; in ***Veasie v. Fenno, 75 US 533***, "*United States Notes, obviously, cannot be the subject of a tax.*" See also, *McCulloch v. Maryland*, 17 U.S. 316.

### Refund is Appropriate

After a claim is filed and rejected the courts have jurisdiction and no collection action shall be taken until the court has adjudicated the claim. **Noske v. US, 911 F. 2d 133 - Court of Appeals, 8th Circuit 1990** A taxpayer assessed with a § 6700 penalty may stop collection proceedings by paying at least 15% of the penalty and filing an agency claim for refund of the amount paid. 26 U.S.C. § 6703(c)(1). Within 30 days after the denial of the claim for refund "of any partial payment of any penalty under section 6700," or within 30 days after six months of agency inaction, the taxpayer may bring a lawsuit in federal district court to

1    determine liability for the penalty. 26 U.S.C. § 6703(c)(2).

2    The claim for refund was filed in June 2017, denied and the reconsideration was also
3    denied January 2018, therefore this court has jurisdiction.

4    Federal courts have jurisdiction to hear refund claims; *White v. US, 250 F. Supp. 2d*
5    *919 - Dist. Court, MD Tennessee 2003* In a frivolous return penalty case, jurisdiction lies
     with the district court, rather than the tax court. "[U]nder section 6703 [the tax court]
6    lack[s] jurisdiction to review assessments of section 6702 frivolous return penalties ...."

7                                              **Facts**

8
9    On or about April 3, 2014 Schlabach filed a return statement under penalty of perjury for
     the year 2013.

10
11   Sometime after July 2, 2015 the IRS issued a frivolous penalty in the amount of
     $5000.00 for an alleged frivolous filing.

12
13   On or about November 26, 2016 Schlabach received from the IRS a notice of penalty,
     charging another $5000.00 penalty for an alleged frivolous filing.

14
15   On or about November 26, 2016 Schlabach sent a letter to the IRS in response to the
     penalty requesting the documents or filings that caused the frivolous penalties, which
16   now totaled $10000.00.  see EXHIBIT A  To this day no reply or document(s).

17   On or about November 26, 2016 Schlabach sent a letter to the IRS requesting the
     documentation that fell within the Secretary's determination entitled: "THE TRUTH
18   ABOUT FRIVOLOUS TAX ARGUMENTS, March 2014" and "Revenue Ruling 4-26-2010
     Notice 2010-33". See: EXHIBIT B.
19

20   26 USC 6702(b)(2) states that a penalty under said section must be a position identified
     by the Secretary.  Schlabach is entitled to know and understand which of the
21   Secretary's frivolous positions he is being penalized under.

22
23   On or about May 1, 2017 the IRS applied the refund from 2015 in the amount of
     $1730.87 to the frivolous penalty balance for 2013.

24
25   On or about May 15, 2017 the IRS applied the refund from 2016 in the amount of
     $8724.68 to the frivolous penalty balance for 2013.

26   On or about June 10, 2017 Schlabach filed a claim for refund with the IRS for the
27   $10000.00 in alleged penalties that were paid, plus interest, for a total of $10324.69.
     On or about November 10, 2017 Schlabach received a letter from the IRS dated
28   November 13, 2017 denying his claim.

Complaint Page 3 of 7

1   On or about November 25, 2017 Schlabach sent a letter to the IRS requesting the
2   reason(s) and for the documents that were determined as frivolous, including a
    notification of the court(s) ruling that the burden is on the IRS

3
    The November 25, 2017 letter informed the IRS that the next step would be filing a
4   complaint with the federal district court.  See: EXHIBIT A

5
    Refund requests for 2008, 2009 and 2010 have been ignored or declined and 6 months
6   have passed.  Total amounts for these years are $12074.46.  Penalties have been either
7   threatened or issued for these years also.  All for the same reason as noted above.

8   ***United States v. Williams 514 US 527*** – *Supreme Court 1995* sets out this process;
9   The jurisdiction conferred by § 1346(a)(1) is limited by 26 U. S. C. § 7422(a). Like §
10  1346(a)(1), § 7422(a) contains no language limiting a refund suit to the "taxpayer," but
    its "express language . . . conditions a district court's authority to hear a refund suit."

11  [and] Title 26 U. S. C. § 6532(a), which imposes a period of limitations on suits for
12  refunds in court and is entitled "Suits by *taxpayers* for refund," states that "[n]o suit or
    proceeding under section 7422(a) . . . shall be begun before the expiration of 6 months
13  from the date of filing the claim required under such section . . . , nor after the expiration
14  of 2 years from the date of mailing by certified mail or registered mail by the Secretary
15  to the *taxpayer* of a notice of the disallowance".

16  ***United States v. Williams,*** **Supra**, quoting; ***Philadelphia*** **v.** ***Collector,*** **5 Wall. 720,**
    **731-732 (1867)** ("Where the party voluntarily pays the money, he is without remedy; but
17  if he pays it by compulsion of law, or under protest, or with notice that he intends to
18  bring suit to test the validity of the claim, he may recover it back . . . .").

19  On December 4, 2017, Schlabach received a notice penalty in the amount of $5000.00
20  each year for years 2009, 2010 and 2012.

21  ON December 11, 2017 Schlabach sent a letter requesting the document that was filed
22  that was frivolous and how it related to the Secretary of the Treasury determinations.
    See: EXHIBIT C
23
24  To date the IRS never provided any such documentation and apparently believes they
25  are not required to comply with their own rules pursuant to publication one.

26  On December 4, 2017, Schlabach filed a FOIA via fax to the IRS requesting the
27  documentation and determination of how any filing he had made were frivolous.

28  On January 21, 2018 Schlabach received a response to his FOIA request of December
    4, 2017.  These response records showed an agent identified only as "B" made a
    determination that the documents plaintiff filed were subject to a penalty pursuant to the
    secretary determination coded as "argument code 30."

Pursuant to the IRS documentation and determination at https://www.irs.gov/irm/part25/irm_25-025-010r the "argument code 30" is defined as "ARG 30 - Non-negotiable Chargeback (NNCB)". EXHIBIT D

In searching all the filed documents there is no such filing, or even a reference to such a notation.

The IRS and its agent "B" is believed to have deliberately assigned an inapplicable argument code to allow for the continuous issuance of a $5000.00 penalty – even when Schlabach is simply asking for the IRS's assistance in understanding and/or resolving this issue.

On or about January 2, 2018, Schlabach sent a letter to the Inspector General requesting assistance, as the IRS appeared to be ignoring any requests to comply with providing any supporting documentation that was alleged as frivolous. See: EXHIBIT E

On or about February 3, 2018 Schlabach received a reply to his request for reconsideration letter, on the request for a refund of the penalty for the year 2013, denying the reconsideration and still refusing to provide any documentation that indicated what was filed that was determined to be frivolous.

In **Mattingly v. United States**, 924 F.2d 785 (8th Cir. 1991) ¶ 31, the court ruled: "We find the reasoning of Mitchell more persuasive and hold that in actions brought under § 6701 the burden of proof is on the government by a preponderance of the evidence. This holding is based on our view of the statutory language, the integrated enactment of §§ 6700-03 and the overall structure of the civil tax penalty provisions."

NOTE: On April 5, 1933, the **physical possession** and **legal title** to **lawful money** (gold) was taken from the people. But the people had to retain the **equitable title** to this lawful money or else it would have amounted to theft, and Congressman Louis Thomas McFadden's charges of theft and treason on May 23, 1933 lodged with the Judiciary would have required prosecution. These charges were mitigated by the passing of HJR 192 on June 5, 1933 which provided for the possibility of "discharge upon payment" of all obligations. This remedy was subtly effected by two United States Codes: 1) **12 USC 411** which provides access to this lawful money "**upon demand**", and 2) **12 USC 95a(2)** which assures "**full discharge**" of all obligations upon assignment or transfer of payments to the United States.

## Summary

Plaintiff has acted within the provision of the Supreme Court and the statutes.

The Supreme Court ruled that US Notes are not the subject of a tax.

12 USC section 411, as part of the Federal Reserve Act, provides for the redemption of Federal Reserve Notes in lawful money (US Notes).

1   US Notes are not taxable, **Veasie v Fanno**, Supra.

2   12 USC 95a part 2; states there can be no penalty for attempting to comply with the 12
3   USC Title and sections thereunder.

4   A good faith reliance on the courts and statutes at large is not a frivolous position.

5   The IRS and its agents are in violation of section 12 USC §95a part 2.  The court must
6   determine the punishment for this violation.

7   Even if Schlabach has a good faith misunderstanding of the court ruling and statutes at
8   large, this alone cannot be considered a frivolous argument, especially if there is no
   precedence.
9

10  There is no precedence, other than the court cases and statutes at large regarding
   redemption, for how to report the redemption of Federal Reserve Notes in Lawful
11  Money and how this effects the tax liability.

12
   Schlabach has made every attempt to comply with the provisions of the court rulings
13  and the statutes.

14
   Every attempt by Schlabach to understand what the IRS or its agents were referring to
15  was ignored and additional penalties threatened.

16
   The actions of the IRS or its agents are egregious and clearly violate due process.
17

18  Taxpayers have a clear right to understand the tax laws and how they apply to them.

19
   Wherefore; Schlabach moves this court to;
20

21  Restrain the IRS and its agents from any additional penalties until this court makes its
   determination whether any documents filed are frivolous.
22

23  That the court determine there should not be any frivolous penalties.

24
   That the court order all penalties payed thus far must be refunded, with
25  interest.

26
   Issue a ruling that Schlabach acted in good faith in relying on the Court
27  rulings and Title 12 USC sections 411 and 95a.

28
   For such other and further relief the courts deems necessary.

   Plaintiff reserves the right to amend this complaint if necessary.

1
2
3                         **CLOSING**

4  Under Federal Rule of Civil Procedure 11, by signing below, I certify to the
5  best of my knowledge, information, and belief that this complaint: (1) is not
6  being presented for an improper purpose, such as to harass, cause
   unnecessary delay, or needlessly increase the cost of litigation; (2) is
7  supported by existing law or by a nonfrivolous argument for extending or
8  modifying existing law; (3) the factual contentions have evidentiary support
9  or, if specifically so identified, will likely have evidentiary support after a
   reasonable opportunity for further investigation or discovery; and (4) the
10 complaint otherwise complies with the requirements of Rule 11.

11
12 I agree to provide the Clerk's Office with any changes to my address where
13 case-related papers may be served.  I understand that my failure to keep a
   current address on file with the Clerk's Office may result in the dismissal of
14 my case.

15
16
17
18 _____        2- 13-18
19 John Schlabach                             Dated
20 PO Box 362
   Mead, Washington 99021
21 509-953-1060       johnjsch@gmail.com
22
23
24
25
26
27
28