RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

RIKA VALDMAN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-514-6056 (v)
202-307-0054 (f)
Rika.Valdman@usdoj.gov

JOSEPH HARRINGTON
United States Attorney
Eastern District of Washington
*Of Counsel*

*Attorneys for the United States of America*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN SCHLABACH, <br><br> Plaintiffs, <br><br> v. <br><br> INTERNAL REVENUE SERVICE, *and its agents* <br><br> Defendant. | Case No. 2:18-cv-00053-SMJ <br><br> **UNITED STATES' MOTION TO DISMISS** <br><br> 10/17/18 <br> Without Oral Argument. |

The United States of America ("United States"), as the proper party

defendant, by and through its undersigned counsel, hereby moves this Court to

dismiss this case for lack of subject matter jurisdiction, and for failure to state a claim upon which relief can be granted, under Federal Rules of Civil Procedure 12(b)(1), and 12(b)(6), respectively.  In support of its motion, the United States alleges as follows:

**BACKGROUND**

### I. Procedural Background

On February 13, 2018, Plaintiff filed a Complaint against the Internal Revenue Service ("IRS") and its agents. ECF No. 1. The United States' Attorney General was served with the Summons and Complaint on February 23, 2018, and the IRS was served with the Summons and Complaint on February 21, 2018. *See* ECF No. 3. Plaintiff then moved the Court for entry of default, as well as entry of default judgment on May 10, 2018, and June 19, 2018, respectively. ECF Nos. 4, 5. The Court denied Plaintiff's Motion, and provided that Plaintiff failed to properly serve the United States because he failed to properly serve the United States Attorney's Office for the Eastern District of Washington. ECF No. 6. On July 3, 2018, Plaintiff served the United States Attorney's Office for the Eastern District of Washington. Pursuant to Fed. R. Civ. P. 12(a)(2), a responsive pleading is therefore due on September 1, 2018.

//

//

## II. The Allegations in the Complaint

The Complaint is laden with nonsensical tax defier statements, and while it is difficult to decipher Plaintiff's arguments, it appears that Plaintiff alleges that he converts his paychecks into U.S. notes, by stamping his paychecks with "Redeemed in Lawful Money pursuant to 12 U.S.C. § 411." ECF No. 1, at p. 1. Plaintiff further provides that the Supreme Court held that U.S. Notes are not subject to tax. ECF No. 1, at p. 5. From this, Plaintiff seemingly concludes that he is not subject to taxation. ECF No. 1.

From the Complaint, it is hard to decipher which taxable periods Plaintiff is seeking a refund for. However, it appears that Plaintiff is alleging the following facts:

1. On or about April 3, 2014, Plaintiff filed a tax return for the taxable year 2013. ECF No. 1, at p. 3, lines 8-10.

2. After the IRS assessed frivolous filing penalties against him, the IRS applied overpayment credits (refunds) from the taxable years 2015 and 2016, to the frivolous filing penalties that were assessed against him for the taxable year 2013. ECF No. 1, at p. 3, lines 10-25.

3. On or about June 10, 2017, Plaintiff filed a refund claim with the IRS for a total of $10,324.69 for the frivolous filing penalties. The refund claim was denied by the IRS on or about November 13, 2017. ECF No. 1, at p. 3, lines

26-28.

4. On dates that Plaintiff does not identify in his Complaint, he made requests for refund for the taxable years 2008, 2009, and 2010, totaling $12,074.46, that have been "ignored or declined and 6 months have passed. Penalties have been either threatened or issued for these years also." ECF No. 1, at p. 4, lines 5-7.

5. On or about December 4, 2017, Plaintiff received a notice of frivolous filing penalty assessment from the IRS for the taxable years 2009, 2010, and 2012.

6. On or about February 3, 2018, the IRS denied Plaintiff's request for reconsideration for a refund of the frivolous filing penalties for the taxable year 2013. ECF No. 1, at p. 5, lines 10-13.

From this, it appears that Plaintiff's refund suit is for frivolous filing penalties the taxable year 2013. *See* ECF No. 1, at p. 3. However, to the extent that he is seeking a refund for frivolous filing penalties for the taxable years 2008 through 2010, and 2012; or refund for income tax liabilities for the taxable years 2008 through 2010, and 2012 through 2013, the United States will address those as well.

From the Complaint, it is also unclear what amount Plaintiff is seeking a refund for, as his Complaint moves the Court to "order all penalties payed *(sic)* thus far must be refunded, with interest." ECF No. 1, at p. 6, lines 24-25.

## III. Factual Background

In his Complaint, Plaintiff is referring to multiple tax years at issue, as well as to both income tax assessments and frivolous filing penalty assessments pursuant to 26 U.S.C. § 6702. The United States attaches hereto as Exhibit 1, true and correct copies of Forms 4340, Certificates of Assessments and Payments, for Plaintiff's Individual Income Tax Returns (Form 1040), for the taxable years 2008 through 2010, and 2012 through 2013, dated March 28, 2018. The United States attaches hereto as Exhibit 2, true and correct copies of Forms 4340, Certificates of Assessments and Payments, for Plaintiff's Civil Penalty (Form CVPN), for the taxable years 2008 through 2010, and 2012 through 2013, dated March 28, 2018[1]. Based on a review of the Forms 4340s, below is a summary of the assessments and balances due for Plaintiff for the taxable years 2008 through 2010, and 2012 through 2013:

---

[1] Generated under seal and signed by an authorized delegate of the Secretary of the Treasury, Forms 4340 are admissible into evidence as self-authenticating official records of the United States, carrying a presumption of correctness. *See Huff v. United States*, 10 F.3d 1440, 1445 (9th Cir. 1993), *cert. denied*, 512 U.S. 1219 (1994); *Hughes v. United States*, 953 F.2d 531, 535, 540 (9th Cir. 1992) ("[O]fficial documents-such as IRS forms-are probative evidence in and of themselves and, in the absence of contrary evidence, are sufficient to establish that notices and assessments were properly made."); *Rossi v. United States*, 755 F. Supp. 314, 318 (D. Or. 1990); Fed. R. Evid. 803(8) and 902(1). As a general rule, the "Certificates of Assessments and Payments establish[ ] a prima facie case for the United States." *United States v. Jones*, 33 F.3d 1137, 1139 (9th Cir. 1994); *Oliver v. United States*, 921 F.2d 916, 919 (9th Cir. 1990).

a. <u>2008</u>

After Plaintiff received a Notice of Deficiency from the IRS for the taxable year 2008, he petitioned the Tax Court on May 18, 2011, in Tax Court Case No. 11781-11. On January 3, 2013, the Tax Court issued an order of dismissal and decision, dismissing Plaintiff's case for failure to prosecute and determining Plaintiff's income tax liability and penalties for the taxable year 2008. Attached as Exhibit 3 is a copy of the Tax Court's Order in Case No. 11781-11. As of March 22, 2018, there is a balance of $0 due for income tax liabilities for the taxable year 2008. *See* Exhibit 1, at p. 6.

There were no frivolous filing penalty assessments for the taxable year 2008. *See* Exhibit 2, at pp. 2-3.

b. <u>2009</u>

After Plaintiff received a Notice of Deficiency from the IRS for the taxable year 2009, he petitioned the Tax Court on July 22, 2012, in Tax Court Case No. 16044-12. On November 13, 2013, the Tax Court issued an order of dismissal and decision, dismissing Plaintiff's case for failure to prosecute and determining Plaintiff's income tax liability and penalties for the taxable year 2009. Attached as Exhibit 4 is a copy of the Tax Court's Order in Case No. 16044-12. As of March 22, 2018, there is a balance of $0 due for income tax liabilities for the taxable year 2009. *See* Exhibit 1, at p. 11.

On December 4, 2017, the IRS assessed a frivolous filing penalty of $5,000 against Plaintiff for the taxable year 2009. As of March 22, 2018, there is a balance due of $5,000 of frivolous filing penalty liabilities for the taxable year 2009. *See* Exhibit 2, at pp. 5-6.

        c.  <u>2010</u>

On August 4, 2014, the IRS assessed income tax, penalties, and interest against Plaintiff for the taxable year 2010. As of March 22, 2018, there is a balance due of $1,853.78 for income tax liabilities for the taxable year 2010. *See* Exhibit 1, at pp. 13, 15.

On December 4, 2017 and March 19, 2018, the IRS assessed frivolous filing penalties of $5,000, respectively, against Plaintiff for the taxable year 2010. Additionally, the IRS assessed interest on March 19, 2018. As of March 22, 2018, there is a balance due of $10,057.87 of frivolous filing penalty liabilities for the taxable year 2010. *See* Exhibit 2, at pp. 8-9.

        d.  <u>2012</u>

On November 2, 2015, the IRS assessed income tax, penalties, and interest against Plaintiff for the taxable year 2012. As of March 22, 2018, there is a balance due of $10,670.77 for income tax liabilities for the taxable year 2012. *See* Exhibit 1, at pp. 17, 19.

On December 4, 2017 and March 19, 2018, the IRS assessed frivolous

filing penalties of $5,000, respectively, against Plaintiff for the taxable year 2012. Additionally, the IRS assessed interest on March 19, 2018. As of March 22, 2018, there is a balance due of $10,057.87 of frivolous filing penalty liabilities for the taxable year 2012. *See* Exhibit 2, at pp. 11-12.

    e. <u>2013</u>

   On August 14, 2017, the IRS assessed income tax, penalties, and interest against Plaintiff for the taxable year 2013. As of March 22, 2018, there is a balance due of $11,050.04 for income tax liabilities for the taxable year 2013. *See* Exhibit 1, at pp. 21, 23.

   On January 12, 2015 and November 28, 2016, the IRS assessed frivolous filing penalties of $5,000, respectively, against Plaintiff for the taxable year 2013. Additionally, the IRS assessed interest on May 15, 2017. Overpayment credits of $1,688.46 and $8,724.68 from the taxable years 2015 and 2016, respectively, were applied to Plaintiff's frivolous filing penalty liabilities for the taxable year 2013. *See* Exhibit 2, at p. 14. As of March 22, 2018, there is a balance of $0 for frivolous filing penalty liabilities for the taxable year 2013. *Id.,* at p. 16.

   The crux of Plaintiff's refund claim in this Complaint appears to be for the application of overpayment credits from the taxable years 2015 and 2016 to the frivolous filing penalty liabilities for the taxable year 2013.

*//*

# LEGAL STANDARDS

## I. Legal Standard For Dismissal Under Fed. R. Civ. P. 12(b)(1)

Under Fed. R. Civ. P. 12(b)(1), a claim should be dismissed if the Court lacks subject matter jurisdiction to adjudicate it. The party seeking to sue in federal court bears the burden of establishing that jurisdiction exists to hear the action. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). To establish subject matter jurisdiction in an action against the United States, there must be: 1) "statutory authority vesting a district court with subject matter jurisdiction"; and 2) "a waiver of sovereign immunity." *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007). Thus, even where statutory authority vests the district courts with subject matter jurisdiction, the United States cannot be sued unless it has expressly consented to suit. *Dunn & Black, P.S. v. United States*, 492 F.3d 1084. 1087–88 (9th Cir. 2007). Waivers of sovereign immunity cannot be implied, must be unequivocally expressed, and are to be strictly construed in favor of the sovereign. *Id.* at 1088. A party bringing suit against the United States bears the burden of demonstrating both elements of subject matter jurisdiction; where it has failed to do so, "dismissal of the action is required." *Id.*

## II. Legal Standard For Dismissal Under Fed. R. Civ. P. 12(b)(6)

A complaint should be dismissed where it fails to plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 547 (2007); Fed. R. Civ. P. 12(b)(6). A complaint is plausible on its face when the plaintiff "pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This amounts to a "two pronged approach" under which a Court first identifies the factual allegations entitled to an assumption of truth and then determines "whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Although a Court must consider the factual allegations in a complaint as true, a Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010). "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Id.*

## ARGUMENT

### I. The United States is the Proper Party Defendant

The Complaint names the IRS, and its agents, as the defendant. The sole proper defendant, however, is the United States. The IRS is an agency of the United States, and as such, protected by sovereign immunity and cannot be sued in the absence of Congressional authorization. *City of Whittier v. United States Dep't*

*of Justice*, 598 F.2d 561, 562 (9th Cir. 1979) ("It is well established that federal agencies are not subject to suits Eo nomine unless so authorized by Congress in explicit language."); *see also Castleberry v. Alcohol, Tobacco, & Firearms Div. of Treasury Dept.*, 530 F.2d 672, 673 n.3 (5th Cir. 1976) (explaining that Congress has not authorized suits against the Department of the Treasury or any of its division or branches). Since there has been no applicable authorization here, the IRS, and its agents, is not a proper party to this suit. Accordingly, the Court should dismiss this action with respect to the IRS, and its agents, and substitute the United States as the only proper defendant.

Furthermore, the Court should also substitute the United States as the only proper defendant in this action because the Internal Revenue Code explicitly makes the United States the only proper defendant in a tax refund suit. 26 U.S.C. § 7422(f)(1). Specifically, 26 U.S.C. § 7422(f)(1) provides that "[a] suit or proceeding [for a refund of an internal revenue tax] may be maintained only against the United States." *Id.*

Accordingly, the United States should be substituted in as the only proper defendant in this action to the extent Plaintiff seeks any refunds from the United States.

//

//

## II. To The Extent Plaintiff is Seeking a Refund for Form 1040 Claims for the taxable years 2008 through 2010 and 2012 through 2013, the Court Lacks Subject Matter Jurisdiction

### a. Plaintiff's Refund Suit for the taxable years 2008 through 2010 and 2012 through 2013 does not satisfy the jurisdictional requirements

District Courts have original jurisdiction over tax refund claims. 28 U.S.C. § 1346(a)(1). However, in order for a court to have subject matter jurisdiction over a tax refund suit, a taxpayer must allege and satisfy certain jurisdictional prerequisites. Generally, first, a taxpayer must have "fully paid" the tax for which a refund is sought. *Flora v. United States*, 362 U.S. 145, 146-147 (1960); *Hutchison v. United States*, 677 F.2d 1322, 1325 (9th Cir. 1982). Second, the taxpayer must have filed a proper and timely claim for refund. *See United States v. Dalm*, 494 U.S. 596, 601-02 (1990). And third, the taxpayer's claim for a refund must either have been rejected by the IRS or not have been acted upon by the IRS for six months. *See* 26 U.S.C. § 6532(a)(1). If a taxpayer fails to meet these requirements, the district court lacks subject matter jurisdiction under 28 U.S.C. § 1346(a) to consider the claims. *Omohundro v. United States*, 300 F.3d 1065, 1066-67 (9th Cir. 2002) (per curiam).

In this case, to the extent Plaintiff is seeking a refund of income taxes for the taxable years 2008 through 2010 and 2012 through 2013, he cannot establish that this Court has jurisdiction over such claims. While Plaintiff argues that he has

made a refund request for the taxable years 2008, 2009, and 2010, he does not state whether the claim was for income tax liabilities, when the claim was made, and whether it was a proper administrative refund claim. He also does not allege that a proper administrative refund claim was made for the taxable years 2012 or 2013 for income tax liabilities. Further, as evidenced by the Forms 4340, Plaintiff has not paid the income tax liabilities due and owing for the taxable years 2010, 2012, and 2013, as there are still balances due on all those periods. *See* Exhibit 1, at pp. 15, 19, 23. Therefore, Plaintiff has failed to plead or show that he has met the jurisdictional requirements for these claims.

Accordingly, to the extent that Plaintiff is seeking a refund of his income tax liabilities for the taxable years 2008 through 2010 and 2012 through 2013, these claims should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

### b. Plaintiff's Refund Suit for the taxable years 2008 and 2009 is barred by 26 U.S.C. § 6512 and the Doctrine of Res Judicata

#### i. 26 U.S.C. § 6512

26 U.S.C. § 6512(a) provides in relevant part that, with several exceptions not applicable here, if the Secretary mailed the taxpayer a Notice of Deficiency, and the taxpayer filed a timely petition with the Tax Court, no suit can be filed with any Court with respect to the same deficiency that was previously petitioned to the Tax Court. Once the Tax Court has determined the tax liability for the

taxable years at issue, the District Court lacks jurisdiction to redetermine the liability. *See First Nat'l Bank of Chicago v. United States*, 792 F.2d 954, 955–56 (9th Cir. 1986) (providing that 26 U.S.C. § 6512 has a "broad general application so as to provide that if the taxpayer files a petition with the tax court, the mere filing of the petition operates to deprive the district court of jurisdiction to entertain a subsequent suit for refund." (citation and internal quotations omitted)); *see also Holder v. U.S.*, 698 Fed. Appx. 390, 391 (9th Cir. 2017) (unpublished opinion).

Here, as demonstrated above, Plaintiff petitioned the Tax Court regarding his 2008 and 2009 income tax liabilities, and the Tax Court determined his liabilities for these years. *See* Exhibits 3, 4. As such, this Court lacks subject matter jurisdiction over any claims for refund Plaintiff may have for these taxable years. To the extent he is seeking a refund for income tax liabilities for the taxable years 2008 and 2009, his claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### ii.  Res Judicata

In addition, the doctrine of res judicata also deprives the district court of subject matter jurisdiction over a refund case under 26 U.S.C. § 7422 where the taxpayer litigated the tax liability in the Tax Court.

The doctrine of res judicata, or claim preclusion, precludes relitigation of a claim where: (1) the parties are identical or in privity, (2) the judgment in the prior action was rendered by a court of competent jurisdiction, (3) the same claim or

cause of action was involved in both suits, and (4) there was a final judgment on the merits. *Rein v. Providian Fin. Corp.,* 270 F.3d 895, 898–99 (9th Cir.2001).

Res Judicata applies to tax refund litigation. *Russell v. Commissioner*, 678 F.2d 782, 784 (9th Cir. 1982) (citing *Commissioner v. Sunnen,* 333 U.S. 591, 597-598 (1948)). Once a taxpayer's liability for a particular year is litigated, a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the same tax year. *Baker v. Internal Revenue Service*, 74 F.3d 906, 910 (9th Cir. 1996). In fact, with regards to refund suits, The district court's loss of jurisdiction is determined at the time of filing the petition in the Tax Court. It is not dependent on whether the Tax Court has actually determined the issues. *Russell v. Commissioner*, 678 F.2d at 784.  A Tax Court Order of Dismissal and Decision, dismissing the case for lack of prosecution is a final judgment on the merits for purposes of the res judicata doctrine. *United States v. Cermak*, No. 1:12-CV-00603-CL, 2013 WL 6403075, at *3 (D. Or. July 9, 2013), <u>report and recommendation adopted,</u> No. 1:12-CV-00603-CL, 2013 WL 5674999 (D. Or. Oct. 17, 2013).

Here, Plaintiff has previously challenged him income tax liabilities for the taxable years 2008 and 2009 before the Tax Court; where the parties were identical (i.e. Plaintiff and the United States); and the Tax Court was a court of competent jurisdiction; that issued a final judgment on the merits. *See United States v.*

*Cermak*, at *3. Therefore, to the extent Plaintiff is seeking a refund of income taxes for the taxable years 2008 and 2009, his claim is barred by the doctrine of equitable estoppel, and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### III. To The Extent Plaintiff is Seeking a Refund for Frivolous Filing Penalties for the taxable years 2009, 2010 and 2012, the Court Lacks Subject Matter Jurisdiction

As detailed above, in order for a district Court have jurisdiction over a refund claim, certain jurisdictional prerequisites must be alleged and satisfied. First, a taxpayer must have "fully paid" the tax for which a refund is sought. *Flora v. United States*, 362 U.S. at 146-147; *Hutchison v. United States*, 677 F.2d at 1325. Second, the taxpayer must have filed a proper and timely claim for refund. *See United States v. Dalm*, 494 U.S. at 601-02. And third, the taxpayer's claim for a refund must either have been rejected by the IRS or not have been acted upon by the IRS for six months. *See* 26 U.S.C. § 6532(a)(1).

Here, much like with the income tax refunds claims discussed above, to the extent that Plaintiff is seeking a refund of the frivolous filing penalties for the taxable years 2009, 2010 and 2012, the Court lacks subject matter jurisdiction[2]. Plaintiff has not satisfied the jurisdictional requirement of paying the liabilities due, as evidenced by the Forms 4340, and there are outstanding balances for the

[2] As demonstrated in the Form 4340 for the taxable year 2008, no assessment for frivolous filing penalty was made for 2008. As such, the United States assumes that this period is not at issue. *See* Exhibit 2, at pp. 1-3.

frivolous filing penalties for the taxable years 2009, 2010, and 2012. *See* Exhibit 2, at pp. 6, 9, 12. Further, while Plaintiff argues that he has made a refund request for the taxable years 2009, and 2010, he does not state whether the claim was for frivolous filing penalties, when the claim was made, and whether it was a proper administrative refund claim, nor does he allege that he paid his liabilities in full. Therefore, Plaintiff has failed to plead that he has met the jurisdictional prerequisites for these claims. Accordingly, to the extent that Plaintiff is seeking a refund of his frivolous filing penalties for the taxable years 2009, 2010 and 2012, these claims should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

**IV. To The Extent Plaintiff is Seeking a Refund for Frivolous Filing Penalties for the taxable year 2013, He Has Failed to State a Claim Upon Which Relief Can be Granted**

In the Complaint, Plaintiff alleges that he made a refund claim with the IRS on June 10, 2017, for the frivolous filing penalties, and that the IRS denied his claim on November 13, 2017. ECF No. 1, at p. 3, lines 26-28. The Form 4340 for 2013 shows that Plaintiff has paid the tax for this period in full through application of overpayment credits from other periods. *See* Exhibit 2, at pp. 13-16. However, his claim for refund for this period should still be dismissed for failure to state a claim upon which relief can be granted.

Dismissal under Rule 12(b)(6) is proper where the complaint lacks either a

"cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990). Here, Plaintiff has failed to plead either a cognizable legal theory or sufficient facts under a cognizable legal theory with regard to any frivolous filing penalty refund claim for the taxable year 2013. Specifically, it appears that Plaintiff maintains that because he converts his paychecks into U.S. notes, by stamping his paychecks with "Redeemed in Lawful Money pursuant to 12 U.S.C. § 411," and U.S. Notes are not subject to tax, he is not subject to taxation. This argument is meritless and has been repeatedly rejected by the Ninth Circuit. See, *e.g., Knigge v. Comm'r of Internal Revenue,* 756 F.2d 1377, 1378-79 (9th Cir.1985) (per curiam) (summarily rejecting the taxpayer's argument that federal reserve notes are not taxable, and imposing an award of attorney's fees and double costs on taxpayer for filing a "frivolous" appeal); *United States v. Hurd,* 549 F.2d 118, 120 (9th Cir.1977) (per curiam) (affirming as "clearly proper" the district court's exclusion in a criminal tax trial defendant's evidence "to the effect that Federal Reserve Notes did not constitute legal tender"); *United States v. Schmitz,* 542 F.2d 782, 785 (9th Cir.1976) (per curiam) (rejecting defendant's argument that federal reserve notes are not taxable dollars because they are not presently payable in gold or silver, and holding that federal reserve notes are taxable legal tender), *cert. denied,* 429 U.S. 1105, 97 S.Ct. 1134, 51 L.Ed.2d 556 (1977); *United States v. Kelley,* 539 F.2d 1199, 1203 (9th

Cir.1976) (rejecting as "frivolous" defendant's argument that he had no income upon which he could be taxed because he was paid in federal reserve notes that were not lawful money), *cert. denied,* 429 U.S. 963 (1976); *United States v. Wangrud,* 533 F.2d 495 (9th Cir.1976) (per curiam) ("By statute it is established that federal reserve notes, on an equal basis with other coins and currencies of the United States, shall be legal tender for all debts, public and private, including taxes."), *cert. denied,* 429 U.S. 818 (1976); *United States v. Gardiner,* 531 F.2d 953, 955 (9th Cir.1976) (per curiam) (summarily rejecting as "without merit" defendant's argument that federal reserve notes he received were not "lawful money" such that he did not receive "money" for the two tax years in question), *cert. denied,* 429 U.S. 853 (1976).

Accordingly, to the extent plaintiff is seeking a refund for frivolous filing penalties for the taxable year 2013, it should be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

**V.    To The Extent Plaintiff is Seeking a Refund for Frivolous Filing Penalties for the taxable years 2009, 2010, and 2012; or for Form 1040 for the taxable years 2008 through 2010 and 2012 through 2013, He Has Failed to State a Claim Upon Which Relief Can be Granted**

As discussed above, Plaintiff has failed to plead either a cognizable legal theory or sufficient facts under a cognizable legal theory with regard to frivolous filing penalty refund claim for the taxable years 2009, 2010, and 2012; or for Form 1040 refund claims for the taxable years 2008 through 2010 and 2012 through

2013. Just as with his claim for refund for the frivolous filing penalty for the taxable year 2013, discussed above, it appears that Plaintiff maintains that because he converts his paychecks into U.S. notes, by stamping his paychecks with "Redeemed in Lawful Money pursuant to 12 U.S.C. § 411," and U.S. Notes are not subject to tax, he is not subject to taxation. As discussed in length above, this argument is meritless and has been repeatedly rejected by the Ninth Circuit.

Accordingly, to the extent plaintiff is seeking a refund for frivolous filing penalties for the taxable years 2009, 2010, and 2012; or for income taxes for the taxable years 2008 through 2010 and 2012 through 2013, it should be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

//

//

//

//

//

# CONCLUSION

For the foregoing reasons, the Court should grant the United States' Motion to Dismiss this case for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted on August 28, 2018.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Rika Valdman*
RIKA VALDMAN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-514-6056 (v)
202-307-0054 (f)
Rika.Valdman@usdoj.gov

JOSEPH HARRINGTON
United States Attorney
Eastern District of Washington
*Of Counsel*

*Attorneys for the United States of America*

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of August, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. I further certify that I mailed a copy of the foregoing by U.S. Mail to:

**John Schlabach**
PO Box 362
Mead, WA 99021
*Plaintiff*

*/s/ Rika Valdman*
RIKA VALDMAN
Trial Attorney
Civil Trial Section, Western Region
