UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
OCT 12 2018
SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

JOHN SCHLABACH,

    Plaintiff,

vs.

INTERNAL REVENUE SERVICE AND ITS AGENTS,

    Defendant

Case No.: 2:18-cv-00053-SMJ

FOLLOW-UP REPLY TO GOVERNMENT'S MOTION TO DISMISS

Because the government has introduced new information and arguments inflammatory and contrary to the case, and has not responded to the alleged perjury by the IRS agent, I am filing this follow-up.

**PROPER PARTY**

My initial response to the government's argument that the defendant should be the United States is not objected to and no response was made as this is for the court to decide. If the court determines that is the proper party, I will amend the complaint to include the United States. The United States was served with the complaint and as the opposing counsel seems to feel this is necessary, and if the judge so rules, then I have no objection. However, since the IRS has not denied the fact that the agent falsified facts to this court there are probably other false statements and falsified documentation, therefore I would ask the court to allow for the addition of said agents as defendants.

**2009, 2010 AND 2012 REFUND CLAIMS**

The government argues that for the years 2009, 2010 and 2012 the 15% payment is not permissible as it was filed late. However, the court should look carefully as to the crafted wording of the government's pleading. They say the 15% claim could not be sustained because

FOLLOWUP REPLY TO GOVERNMENT'S MOTION TO DISMISS - PAGE 1 OF 6

there was no response from the IRS or it was untimely filed. The statute provides for paying 15% within 30 days, and the facts and evidence presented to this court show this actually happened. The IRS did finally deny the claim on April 24, 2018, long before the government had to respond to this action. The court ruled because I didn't serve a copy of the complaint on the local US attorney the motion for default was denied.

The local US Attorney was served on July 3, 2018 at least two months after the denial. Therefore, the court has jurisdiction over the subject matter for the years 2009, 2010 and 2012.

**2013 REFUND CLAIM**

The government did not deny that 2013 payment and claim were timely. The government did not deny that the agent presented perjured information. Instead, the government presented inflammatory and false statements for the specific purpose of prejudicing this court against me, and not for any probative value. Because they did not deny the perjurous statements of the IRS they are also subordinating the action.

There is no mention in their brief of the fact that the evidence presented proves the penalties were paid in full for the year 2013, and the claim was denied, therefore this court had subject matter and exclusive jurisdiction to determine the correctness of the assessment and whether the denial had merit. <u>Cotton v. Gibbs</u>, 902 F.2d 1462 (9th Cir.1990); <u>Reinhart v. I.R.S.</u>, 2002 WL 1095351 at *4 (E.D.Cal. May 24, 2002) ("[i]n the case of a frivolous return penalty under 26 U.S.C. § 6702, the district court is the proper reviewing court."). Plaintiff has appropriately filed his Complaint in this Court with respect to his challenge to the frivolous return penalty under section 6702.

Further the question remains whether the determination by the IRS agent was made pursuant to a determination by the Secretary of the Treasury as provided by 6702 or was made by the IRS agent contrary to the Secretaries determination.

FOLLOWUP REPLY TO GOVERNMENT'S MOTION TO DISMISS - PAGE 2 OF 6

Again the court should also judicial notice that there was no response to the incorrect statements made by the IRS agent under oath, that have been shown to be false and therefore perjury and a fraud on this court. Instead the government goes on a rampage of allegations by asserting that my position is that Federal Reserve Notes are not taxable. These allegations are completely false and this shows the government's deliberate attempt to cover up the criminal acts of the IRS agents. I have never asserted Federal Reserve Notes are **not** taxable - on the contrary they **definitely** are. The court must dismiss this argument, as its only intention is to mislead the judge, and has no probative value.

The court **cannot** set aside the fact that the burden is on the IRS to prove the penalties. I have provided numerous facts and evidence to show that the court has jurisdiction in this matter. In Mattingly v. United States, 924 F.2d 785 (8th Cir. 1991) ¶14, the court stated: "For reasons to be stated, we hold that (1) the burden is on the government to prove its case by a preponderance of the evidence under § 6701, (2) actual knowledge through direct involvement is required by § 6701 and the willful blindness instruction given in this case, while imperfect, caused harmless, if any, error, and (3) on these facts, the government may not impose a $1,000 per return penalty on carryover returns. Therefore, the judgment of the district court is affirmed in part and reversed in part. ¶ 31, We find the reasoning of Mitchell more persuasive and hold that in actions brought under § 6701 the burden of proof is on the government by a preponderance of the evidence. This holding is based on our view of the statutory language, the integrated enactment of §§ 6700-03 and the overall structure of the civil tax penalty provisions."

I have also presented un-rebutted evidence to this court of the fact that I have paid the penalties in full for 2013, contrary to the statements made by the IRS agent under penalty of perjury.

## MOTION TO DISMISS MUST BE DENIED

The court must believe the facts in the complaint even if the government's 12(b)(6) arguments are going to be considered. In denying the motion to dismiss the Supreme Court stated in **Ashcroft v. Iqbal, 556 US 662 - Supreme Court 2009** citing *Twombly, 550 U.S., at 557-558, 127 S.Ct. 1955*. "*Twombly* does not require a court at the motion-to-dismiss stage to consider whether the factual allegations are probably true. We made it clear, on the contrary, that a court must take the allegations as true, no matter how skeptical the court may be. See 550 U.S., at 555, 127 S.Ct. 1955 (a court must proceed 'on the assumption that all the allegations in the complaint are true (even if doubtful in fact)'); *id.*, at 556, 127 S.Ct. 1955 ('[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable'); see also *Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)* ('Rule 12(b)(6) does not countenance... dismissals based on a judge's disbelief of a complaint's factual allegations'). The sole exception to this rule lies with allegations that are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel. That is not what we have here."

The governments motion must fail.

## RULE 56(f)

The government (IRS) normally enjoys the "presumption of procedural regularity", but that presumption is rebuttable. In this case I have produced a great deal of evidence that directly contradicts the statements made by the IRS agent under oath. This alone should rebut any presumption that the IRS has followed proper procedures in this matter, or that the IRS agent's statements should be accepted as correct.

Pursuant to Rule 56(f) of the Fed.R.Civ.P., any dispositive motion (in this case a Rule 12(b)(6) motion for dismissal) *without allowing the plaintiff to obtain sufficient discovery –*

FOLLOWUP REPLY TO GOVERNMENT'S MOTION TO DISMISS - PAGE 4 OF 6

especially in light of the inconsistent testimony by the IRS agent – would be a due process violation. The court must consider that important facts need to be discovered, namely:

(1) What was the frivolous argument the IRS is penalizing me for? FOIA requests made by the plaintiff indicate that the IRS most likely misapplied a frivolous argument simply because the term "redeemed" (in lawful money) appeared on the tax return. Plaintiff used the term "redeemed" from the statute 12 U.S.C. 411, not the tax protester term "redemption."

(2) Who made this frivolous determination and what was it based upon? FOIA requests made by the plaintiff indicate only the initials of someone yet unidentified – with no indication of their position or authority to make any such determination, nor what they used as a basis for this arbitrary determination. Plaintiff has been unable to get any straight answers from the IRS so far.

(3) If the IRS has made false statements provided in the government's motion to dismiss, what other facts and evidence has been falsified in this case? Plaintiff is entitled to have enough discovery opportunity to expose any other incorrect/false assertions made by the government. Again, the evidence provided by the plaintiff in this case directly contradicts the IRS agent's statements and thus the presumption of procedural regularity has been sufficiently rebutted.

**CONCULSION**

WHEREFORE, I am asking your honor to not allow the IRS or it's attorneys to dishonor this court with falsified, perjured statements and facts. That the court rule that it has jurisdiction over the subject matter and a 12(b)(6) motion cannot stand and must be denied.

Dated this 8th day of October, 2018.

_____
John Schlabach
PO Box 362

FOLLOWUP REPLY TO GOVERNMENT'S MOTION TO DISMISS - PAGE 5 OF 6

Mead, Washington 99021
johnjsch@gmail.com
509-953-1060

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN SCHLABACH,<br><br>Plaintiff,<br>vs.<br>INTERNAL REVENUE SERVICE AND ITS AGENTS,<br><br>Defendant | Case No.: 2:18-cv-00053-SMJ<br><br>CERTIFICATE OF SERVICE OF FOLLOW-UP REPLY TO MOTION TO DISMISS |

I hereby certify under penalty of perjury that I served a true and correct copy of the foregoing "FOLLOW-UP REPLY TO MOTION T ODISMISS" on the defendants attorney by depositing the copy with the US postal service, postage prepaid, addressed to the following.

RIKA VALDMAN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044

USAO
PO Box 1494
Spokane, Washington 99210-1494

Dated this 12 day of Octobber, 2018

_____
John Schlabach

Complaint Page 1 of 1