FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 24, 2018

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN SCHLABACH,<br><br>          Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE, and its agents,<br><br>          Defendant. | No. 2:18-CV-00053-SMJ<br><br>**ORDER GRANTING UNITED STATES' MOTION TO DISMISS** |

Before the Court, without oral argument, is the United States' Motion to Dismiss, ECF No. 9. The United States of America moves to dismiss *pro se* Plaintiff John Schlabach's complaint against Defendant the Internal Revenue Service ("IRS"). As an initial matter, the Court grants the United States' unopposed request to substitute itself for the IRS as Defendant in this case.

Schlabach seeks an order invalidating the civil monetary penalties the IRS charged him for filing frivolous income tax returns regarding tax years 2009, 2010, 2012, and 2013, and refunding the money he paid or the IRS applied toward those penalties. The United States argues the Court lacks subject matter jurisdiction over Schlabach's refund claims for tax years 2009, 2010, and 2012, and Schlabach fails to state a facially plausible refund claim for tax year 2013. Having reviewed the file

ORDER GRANTING UNITED STATES' MOTION TO DISMISS **-** 1

and relevant legal authorities, the Court grants the United States' motion and dismisses Schlabach's complaint.

## BACKGROUND

On November 28, 2016, the IRS notified Schlabach that it charged him $10,000 in frivolous filing penalties, plus $324.69 in interest, for tax year 2013. ECF No. 1 at 3; ECF No. 10 at 7–8. On May 1, 2017, the IRS notified Schlabach that it applied his 2015 income tax overpayment of $1730.87 to the frivolous filing penalty for tax year 2013. ECF No. 1 at 3; ECF No. 10 at 9. And on May 15, 2017, the IRS notified Schlabach that it applied his 2016 income tax overpayment of $8724.68 to the frivolous filing penalty for tax year 2013. ECF No. 1 at 3; ECF No. 10 at 10. Through these credits, Schlabach paid the full amount of the frivolous filing penalty for tax year 2013. ECF No. 9-1 at 39–41; *see* ECF No. 1 at 3.

On June 10, 2017, Schlabach filed a claim with the IRS seeking a refund of the money it applied to the frivolous filing penalty for tax year 2013. ECF No. 1 at 3; ECF No. 10 at 12. On November 13, 2017, the IRS rejected Schlabach's refund claim for tax year 2013. ECF No. 1 at 3; ECF No. 10 at 13–14.

On December 4, 2017, the IRS notified Schlabach that it charged him $15,000 in frivolous filing penalties for tax years 2009, 2010, and 2012. ECF No. 1 at 4; ECF No. 10 at 15–20. Sometime between December 26, 2017 and January 2, 2018, Schlabach paid the U.S. Department of the Treasury $2250, or fifteen percent of the

frivolous filing penalties for tax years 2009, 2010, and 2012. ECF No. 10 at 21–28; *see* ECF No. 1 at 2. Schlabach did not pay the full amount of the frivolous filing penalties for those tax years. ECF No. 9-1 at 30–31, 33–34, 36–37. On January 16, 2018, Schlabach filed claims with the IRS seeking a refund of the money he paid toward the frivolous filing penalties for tax years 2009, 2010, and 2012. ECF No. 10 at 26–28; *see* ECF No. 1 at 4.

Schlabach filed this lawsuit on February 13, 2018. ECF No. 1. On that date, the IRS had not yet rejected Schlabach's refund claims for tax years 2009, 2010, and 2012, and less than a month had expired since he filed them. ECF No. 9-1 at 30–31, 33–34, 36–37; ECF No. 10 at 26–28.

Schlabach claims he "has converted all his received paychecks into lawful money of the United States ("U.S. Notes"), pursuant to the provisions of 12 U.S.C. § 411." ECF No. 1 at 1. Schlabach explains his "process is to stamp '*Redeemed in Lawful Money pursuant to 12 U.S.C. § 411*' on the endorsement line of each of his paychecks to assert his demand made to the Federal Reserve Bank where his checks are cashed and/or deposited." *Id.* Schlabach claims federal reserve notes are obligations of the United States that may be redeemed in U.S. notes, which the Supreme Court has ruled are not subject to taxation. *Id.* at 1–2, 5–6. Schlabach elaborates his belief that the law "provides access to . . . lawful money '**upon demand**'" and "assures '**full discharge**' of all obligations upon assignment or

transfer of payments to the United States." *Id.* at 5. Schlabach contends his tax returns were not based on a frivolous position because he complied with the law. *Id.* at 5–6. Schlabach further argues imposing frivolous filing penalties violates 12 U.S.C. § 95a(2). *Id.* at 6.

Schlabach argues the IRS either failed to provide him a reason or provided a false reason for the frivolous filing penalties. *Id.* at 4–5. Schlabach claims the IRS determined the position he took in his tax returns fit "argument code 30," which, according to his internet research, means "Non-negotiable Chargeback." *Id.* at 4–5, 12–14. Schlabach argues argument code 30 is inapplicable to his tax returns. *Id.* at 5. The IRS record Schlabach references contains the phrase "redeemed in lawful [indecipherable]" in explaining the frivolous filing penalty for tax year 2009. *Id.* at 12. Schlabach alleges "[t]he IRS and its agent 'B' is believed to have deliberately assigned an inapplicable argument code to allow for the continuous issuance of a $5000.00 penalty." *Id.* at 5.

The United States moved to dismiss Schlabach's complaint. ECF No. 9. Schlabach responded. ECF No. 10. The United States replied. ECF No. 12. Schlabach filed an unauthorized supplemental response, which the Court considers despite its noncompliance with Local Civil Rule 7(c)(2)(A). ECF No. 13.

**LEGAL STANDARD**

"Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1)

when the Court lacks subject matter jurisdiction over the claim." *Schlabach v. United States*, No. CV-12-0618-JLQ, 2013 WL 1619829, at *1 (E.D. Wash. Apr. 15, 2013). "This is a threshold issue which goes to the power of the court to even hear the case." *Id.* "Because this basic foundation is at stake, the court is not limited to the allegations in the Complaint but may also consider extrinsic evidence and, if facts are in dispute, may weigh the evidence in order to satisfy itself that jurisdiction exists." *Id.* (citing *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987)). "Although lack of subject matter jurisdiction is an affirmative defense, the burden of proof to show jurisdiction in a [Rule] 12(b)(1) motion is on the Plaintiff." *Id.* (citing *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989)).

"A motion to dismiss for failure to state a claim pursuant to [Federal Rule of Civil Procedure] 12(b)(6) tests the legal sufficiency of the claims in the Complaint." *Id.* at *2. "A complaint must be dismissed if it does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[1] *Id.* (quoting *Ashcroft v. Iqbal*, 556

---

[1] Plausibility does not require probability but demands more than a mere possibility of liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a complaint need not contain detailed factual allegations, threadbare recitals of legal elements, supported

ORDER GRANTING UNITED STATES' MOTION TO DISMISS - 5

U.S. 662, 678 (2009)). "The Court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff."[2] *Id.* (citing *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004)). "In addition, where a plaintiff appears pro se, the court must construe the pleadings liberally and afford the Plaintiff any benefit of the doubt." *Id.* (citing *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988)). "A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the Complaint's deficiencies cannot be cured by amendment." *Id.* (citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). "Nevertheless, a pro se plaintiff's claims must be dismissed where it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Id.* (citing *Barrett v. Belleque*, 554 F3d 1060, 1061 (9th Cir. 2008)).

## DISCUSSION

A district court has original jurisdiction over a taxpayer's civil action against the United States seeking "recovery of any internal-revenue tax alleged to have been

---

only by conclusory statements, do not suffice. *Id.* Whether a complaint states a facially plausible claim for relief is a context-specific inquiry requiring the Court to draw from its judicial experience and common sense. *Id.* at 679.

[2] The Court must accept as true all factual allegations contained in a complaint. *Iqbal*, 556 U.S. at 678. But the Court may disregard legal conclusions couched as factual allegations. *See id.*

erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1). But as a jurisdictional prerequisite, the taxpayer must pay the full amount of the disputed tax, penalty, or sum. *Flora v. United States*, 362 U.S. 145, 146, 177 (1960); *Thomas v. United States*, 755 F.2d 728, 729 (9th Cir. 1985); *Diamond v. United States*, 603 F. App'x 947, 949 & n.1 (Fed. Cir. 2015). Next, the taxpayer must duly file a claim for refund or credit and the IRS must either reject it or fail to act on it in six months. I.R.C. §§ 7422(a), 6532(a). If these conditions are not satisfied, "[n]o suit or proceeding shall be maintained in any court." § 7422(a). Indeed, "[n]o suit or proceeding . . . shall be begun." § 6532(a).

Schlabach has not met these jurisdictional prerequisites for his refund claims regarding tax years 2009, 2010, and 2012. Schlabach paid the treasury department only fifteen percent, rather than the full amount, of the frivolous filing penalties for those tax years. And, Schlabach filed this lawsuit before the IRS ever rejected his refund claims for those tax years and less than six months after he filed them.

Schlabach argues that, for the Court to acquire jurisdiction, he only needed to pay fifteen percent of the frivolous filing penalties within thirty days of notice. However, the statutory provision he relies on no longer applies to frivolous filing penalties. I.R.C. § 6703(c)(1) (amended by Omnibus Budget Reconciliation Act of

1989, Pub. L. No 101-239, § 7736(a), 103 Stat. 2106, 2404, to strike reference to penalties under I.R.C. § 6702); *see Diamond*, 603 F. App'x at 949 & n.1. The Court lacks jurisdiction over Schlabach's refund claims for tax years 2009, 2010, and 2012. Therefore, the Court does not reach the parties' remaining arguments for that period.

The Court now turns to Schlabach's refund claims for tax year 2013. The IRS may impose a $5000 civil penalty on a person who files a frivolous tax return. I.R.C. § 6702(a). The penalty applies if (1) the person files a document that purports to be a tax return, (2) the document either contains information that on its face indicates the self-assessment is substantially incorrect or omits information on which the substantial correctness of the self-assessment may be judged, and (3) such conduct is either based on a position the IRS has identified as frivolous or reflects a desire to delay or impede tax administration. *Id.*

The IRS must "prescribe (and periodically revise) a list of positions which [it] has identified as being frivolous." § 6702(c). This list must exclude any position the IRS determines is "a reasonable basis for the tax treatment of such item by the taxpayer." I.R.C. § 6662(d)(2)(B)(ii)(II); *see* § 6702(c). Under this authority, the IRS has issued at least three official lists of frivolous positions. *See Schlabach v. United States*, 101 Fed. Cl. 678, 683 (2011) (citing I.R.S. Notice 2010-33, 2010-17 I.R.B. 609, *superseding* I.R.S. Notice 2008-14, 2008-4 I.R.B. 310, *superseding* I.R.S. Notice 2007-30, 2007-14 I.R.B. 883); *see also* I.R.S., *The Truth About*

*Frivolous Tax Arguments* (2018), https://www.irs.gov/pub/taxpros/frivolous_truth _march_2018.pdf.

Schlabach claims he converts his paychecks into U.S. notes by stamping "*Redeemed in Lawful Money pursuant to 12 U.S.C. § 411*" on the endorsement line. ECF No. 1 at 1. Schlabach claims federal reserve notes are obligations of the United States that may be redeemed in U.S. notes, which the Supreme Court has ruled are not subject to taxation. Schlabach elaborates his belief that the law "provides access to . . . lawful money '**upon demand**'" and "assures '**full discharge**' of all obligations upon assignment or transfer of payments to the United States." *Id.* at 5. Schlabach contends his tax returns were not based on a frivolous position because he complied with the law. Schlabach further argues imposing a frivolous filing penalty violates 12 U.S.C. § 95a(2), which no longer exists.[3]

U.S. notes are legal tender just like federal reserve notes. *See* 31 U.S.C. § 5103 ("United States coins and currency (including Federal reserve notes and

---

[3] 12 U.S.C. § 95a(2) "is no longer valid." *United States v. McLaughlin*, No. 3:17-CR-129 (MPS), 2018 WL 4854624, at *14 (D. Conn. Oct. 5, 2018); *Taylor v. United States*, No. 2:18-CV-11185, 2018 WL 4304158, at *4 (E.D. Mich. Sept. 10, 2018). "12 U.S.C. § 95a(2) was omitted from the [United States Code] effective December 1, 2015, because an identical section exists in 50 U.S.C. § 4305(b)(2) and has since 1941." *McLaughlin*, 2018 WL 4854624, at *14 (alteration in original) (internal quotation marks omitted). "Even before it was omitted, however, the statute related to the President's authority to regulate transactions involving foreign parties during times of war." *Harrington v. Sterling* (*In re Sterling*), 558 B.R. 671, 682 (Bankr. S.D.N.Y. 2016); *accord McLaughlin*, 2018 WL 4854624, at *14 n.13. "It has nothing to do with this case." *McLaughlin*, 2018 WL 4854624, at *14 n.13.

circulating notes of Federal reserve banks and national banks) are legal tender for all debts, public charges, taxes, and dues."); *Legal Tender Status*, U.S. Dep't of the Treasury (Jan. 4, 2011, 4:47 PM), https://www.treasury.gov/resource-center/faqs/currency/pages/legal-tender.aspx. U.S. notes function as national currency and circulate in the same way as federal reserve notes. *Legal Tender Status*, *supra*. Unlike federal reserve notes, U.S. notes were redeemable in gold until the United States abandoned the gold standard in 1933. *Id.* Since then, U.S. notes have served essentially the same purpose, and have had the same value, as federal reserve notes. *Id.* "Because United States Notes serve no function that is not already adequately served by Federal Reserve Notes, their issuance was discontinued, and none have been placed in to circulation since January 21, 1971." *Id.*

U.S. notes "are obligations of the United States." *Bank v. Supervisors*, 74 U.S. (7 Wall.) 26, 30 (1868); *Legal Tender Status*, *supra*. U.S. notes "were intended to circulate as money, and, with [other] notes, to constitute the credit currency of the country." *Bank*, 74 U.S. (7 Wall.) at 30. In describing the then short history of U.S. notes, the Supreme Court stated "[t]his currency, issued directly by the government for the disbursement of the war and other expenditures, could not, obviously, be a proper object of taxation." *Veazie Bank v. Fenno*, 75 U.S. (8 Wall.) 533, 538 (1869). But in the next sentence, the Court noted this tax exemption changed the year after Congress created U.S. notes. *See id.* at 537–38. Specifically,

the Court observed that when Congress established national banking associations, it again "recognized the expediency and duty of imposing a tax upon currency," and taxed the circulation of U.S. notes accordingly. *Id.* (footnote omitted) (citing Act of Feb. 23, 1863, ch. 58, § 19, 12 Stat. 665, 670).

Of course, considering their function as national currency, Congress once exempted U.S. notes from state or municipal taxation. *Bank*, 74 U.S. (7 Wall.) at 31; *Mitchell v. Bd. of Comm'rs*, 91 U.S. (1 Otto) 206, 208 (1875). But the Supreme Court expressly condemned the practice of converting assets to U.S. notes to avoid state or municipal taxation. *Shotwell v. Moore*, 129 U.S. 590, 596–97 (1889); *Mitchell*, 91 U.S. (1 Otto) at 208. Indeed, "the courts look upon this transaction as indefensible, and consider it an improper evasion of the duty of the citizen to pay his share of the taxes necessary to support the government which is justly due on his property." *Shotwell*, 129 U.S. at 597.

Ultimately, Schlabach's position is another variation of the argument that wages are not income, which the Ninth Circuit has repeatedly rejected. *Carter v. Comm'r*, 784 F.2d 1006, 1009 (9th Cir. 1986). The United States imposes a tax on every person's "taxable income." I.R.C. § 1. Taxable income is "gross income" minus allowable deductions. I.R.C. § 63(a). Gross income is "all income from whatever source derived." I.R.C. § 61(a). Congress intended to "tax all gains except those specifically exempted." *Comm'r v. Glenshaw Glass Co.*, 348 U.S. 426, 430

(1955). Hence, "wages are income." *Wilcox v. Comm'r*, 848 F.2d 1007, 1008 (9th Cir. 1988). Wages are "all remuneration . . . for services performed by an employee for his employer, including the cash value of all remuneration . . . paid in any medium other than cash." I.R.C. § 3401(a); *accord* I.R.C. § 3121(a) (defining wages as "all remuneration for employment").

The IRS has identified positions like Schlabach's as frivolous. For example, the IRS has identified as frivolous the position that "Federal Reserve Notes Are Not Legal Tender." IRM exhibit 25.25.10-1.z (2018), https://www.irs.gov/irm/part25/irm_25-025-010r#idm139738672161184. As the IRS explains, people who take this position generally argue "their wages are not taxable because they were paid in federal reserve notes" and "notes are not valid currency or legal tender and, thus, those who possess them cannot be subject to a tax on them."[4] *Id.*

Schlabach argues the IRS either failed to provide him a reason or provided a false reason[5] for the frivolous filing penalty. Schlabach claims the IRS determined the position he took in his tax return fit "argument code 30," which, according to

---

[4] To be sure, Schlabach concedes federal reserve notes are taxable. But his argument that U.S. notes are not taxable is markedly similar to the frivolous position the IRS has already identified.

[5] Schlabach alleges "[t]he IRS and its agent 'B' is believed to have deliberately assigned an inapplicable argument code to allow for the continuous issuance of a $5000.00 penalty." ECF No. 1 at 5. This speculative, conclusory statement does not suffice to state a facially plausible claim for relief because it establishes no more than a mere possibility of liability. *Iqbal*, 556 U.S. at 678.

his internet research, means "Non-negotiable Chargeback." ECF No. 1 at 4–5, 12–14. Schlabach argues argument code 30 is inapplicable to his tax return. Notably, the IRS record Schlabach references applies only to the frivolous filing penalty for tax year 2009. As discussed above, the Court lacks jurisdiction over Schlabach's refund claim for that year.

But assuming, as Schlabach does, that the IRS made the same determination for tax year 2013, the IRS had a rational basis for concluding the position he took in his tax return was a frivolous chargeback argument. The IRS record contains the phrase "redeemed in lawful [indecipherable]," *id.* at 12, which is an apparent reference to Schlabach's practice of stamping "*Redeemed in Lawful Money pursuant to 12 U.S.C. § 411*" on the endorsement line of his paychecks, *id.* at 1. The chargeback argument arises when "[t]he filer attempts to sell his/her birthright back to the government for a large dollar amount and requests that a 'Treasury Direct Account' be set up to hold the money." IRM exhibit 25.25.10-1.ad, *supra*. The chargeback argument is "based on taxpayers' claim that they have been 'removed' or 'redeemed' from the United States tax system" and usually involves "send[ing] various documents to the government detailing the fictitious location of funds relating to charging back debts owed to the government." 1 Laurence F. Casey, *Casey Federal Tax Practice* § 3:08.55 (2018 update).

Schlabach's argument begins with the correct premise that currency is a

redeemable obligation of the United States. But from there, Schlabach distorts matters by apparently claiming the United States' obligation to redeem currency automatically offsets his tax obligation to the United States. In this way, Schlabach makes a kind of chargeback argument, which the IRS has identified as frivolous. Even if the IRS had mislabeled the position Schlabach took in his tax return, his conduct nonetheless reflects a desire to delay or impede tax administration. *See Shotwell*, 129 U.S. at 597 (describing analogous behavior as "indefensible" and "an improper evasion of the duty of the citizen to pay his share of the taxes necessary to support the government which is justly due on his property").

Finally, Schlabach argues the frivolous filing penalty does not apply to him because he acted in good faith. ECF No. 1 at 6. Schlabach is incorrect. "If a purported return reflects a position that the IRS has identified as 'frivolous,' the taxpayer's good-faith belief in the correctness of his position cannot serve as a defense to the [frivolous filing] penalty." *Whitaker v. Comm'r*, 114 T.C.M. (CCH) 377 (2017) (citing *Hudson v. United States*, 766 F.2d 1288, 1291 (9th Cir. 1985)).

In sum, Schlabach fails to state a facially plausible refund claim for tax year 2013. In his tax return, Schlabach took a position that the IRS had identified as frivolous and that reflected his desire to delay or impede tax administration. *See* I.R.C. § 6702(a). Schlabach's arguments to the contrary are meritless. Thus, Schlabach's allegations do not permit a reasonable inference of liability. Indeed, it

appears beyond doubt that Schlabach can prove no set of facts in support of his refund claim that would entitle him to relief. Schlabach cannot cure this deficiency by amending his complaint. Therefore, the Court dismisses Schlabach's complaint without leave to amend it. *See Schlabach*, 2013 WL 1619829, at *3–4.

The Court denies Schlabach's request for a hearing because it is unnecessary to resolve the United States' motion. The Court denies Schlabach's request for perjury charges against the IRS because it is beyond the Court's authority to consider. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring . . . are decisions that generally rest in the prosecutor's discretion.").

Accordingly, **IT IS HEREBY ORDERED**:

**1.** The Clerk's Office is directed to **AMEND THE CASE CAPTION** to read as follows:

"JOHN SCHLABACH,

Plaintiff,

v.

UNITED STATES OF AMERICA, and its agents,

Defendant."

**2.** The United States' Motion to Dismiss, **ECF No. 9**, is **GRANTED**.

**3.** All claims are **DISMISSED**, with all parties to bear their own costs

and attorneys' fees. Schlabach's 2009, 2010, and 2012 claims are dismissed **WITHOUT PREJUDICE**. Schlabach's 2013 claim is dismissed **WITH PREJUDICE**.

4. All pending motions are **DENIED AS MOOT**.

5. All hearings and other deadlines are **STRICKEN**.

6. The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and *pro se* Plaintiff.

**DATED** this 24th day of October 2018.

                         SALVADOR MENDOZA, JR.
                         United States District Judge