FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 25, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN SCHLABACH,<br><br>               Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, and its agents,<br><br>               Defendant. | No.   2:18-cv-00053-SMJ<br><br>**ORDER GRANTING DEFENDANT'S CONVERTED MOTION FOR SUMMARY JUDGMENT** |

      Before the Court, without oral argument, is Defendant the United States of America's converted motion for summary judgment, ECF No. 9. The United States seeks summary judgment in its favor on Plaintiff John Schlabach's *pro se* complaint against the Internal Revenue Service ("IRS").[1]

      Schlabach seeks an order invalidating the civil monetary penalties the IRS charged him for filing frivolous income tax returns regarding tax years 2009, 2010, 2012, and 2013, and refunding the money he paid or the IRS applied toward those penalties. The United States argues the Court lacks subject matter jurisdiction over Schlabach's refund claims for tax years 2009, 2010, and 2012, and Schlabach fails

---

[1] As an initial matter, the Court grants the United States' unopposed request to substitute itself for the IRS as Defendant in this case.

ORDER GRANTING DEFENDANT'S CONVERTED MOTION FOR SUMMARY JUDGMENT **-** 1

to state a facially plausible refund claim for tax year 2013. Having reviewed the file and relevant legal authorities, the Court grants the United States' motion.

## BACKGROUND

Schlabach filed his complaint on February 13, 2018. ECF No. 1. The United States moved to dismiss Schlabach's complaint on August 28, 2018. ECF No. 9. The Court granted the United States' motion to dismiss on October 24, 2018. ECF No. 14. Schlabach moved for partial relief from the Court's dispositive order on November 23, 2018. ECF No. 15. On January 18, 2019, the Court partially granted Schlabach's request, vacated its dispositive order, and converted the United States' motion to dismiss into one for summary judgment. ECF No. 19.

The Court's January 18, 2019 order also directed the parties to respond to the material facts that the Court identified may not be genuinely in dispute. *Id.* at 1–2, 6–7, 9–10, 12–13. The Court issued this directive under Federal Rule of Civil Procedure 56(f)(3). *Id.* at 6, 9. The Court then instructed the parties to respond with all materials pertinent to the specific facts identified in the order. *Id.* at 7, 10, 12–13; ECF No. 23. The parties responded accordingly. ECF Nos. 21, 21-1, 21-2, 22, 22-1, 22-2, 22-3, 24. Viewing all evidence and drawing all reasonable inferences in the manner most favorable to Schlabach, the undisputed facts are as follows.

On November 28, 2016, the IRS notified Schlabach that it charged him $10,000 in frivolous filing penalties, plus $324.69 in interest, for tax year 2013.

ECF No. 10 at 7–8; ECF No. 21-1 at 3; ECF No. 21-2 at 10–11. On May 1, 2017, the IRS notified Schlabach that it applied his 2015 income tax overpayment of $1730.87 to the frivolous filing penalties for tax year 2013. ECF No. 10 at 9; ECF No. 21-1 at 3; ECF No. 21-2 at 13. On May 15, 2017, the IRS notified Schlabach that it applied his 2016 income tax overpayment of $8724.68 to the frivolous filing penalties for tax year 2013. ECF No. 10 at 10; ECF No. 21-1 at 3; ECF No. 21-2 at 14. Through these credits, Schlabach paid the full amount of the frivolous filing penalties for tax year 2013. ECF No. 9-1 at 39–41.

On June 10, 2017, Schlabach filed a claim with the IRS seeking a refund of the money it applied to the frivolous filing penalties for tax year 2013. ECF No. 10 at 12; ECF No. 21-1 at 4; ECF No. 21-2 at 15. On November 13, 2017, the IRS rejected Schlabach's refund claim for tax year 2013. ECF No. 10 at 13–14; ECF No. 21-1 at 4; ECF No. 21-2 at 16–17.

On December 4, 2017, the IRS notified Schlabach that it charged him $15,000 in frivolous filing penalties for tax years 2009, 2010, and 2012. ECF No. 9-1 at 30, 33, 36; ECF No. 10 at 15–20. Sometime between December 26, 2017 and January 2, 2018, Schlabach paid the U.S. Department of the Treasury $2250, or the equivalent of fifteen percent of the frivolous filing penalties for tax years 2009, 2010, and 2012. ECF No. 9-1 at 10, 30, 33, 36; ECF No. 10 at 21–28. Schlabach did not pay the full amount of the frivolous filing penalties for those tax years. ECF No. 9-

1 at 30–31, 33–34, 36–37. On January 16, 2018, Schlabach filed claims with the IRS seeking a refund of the money he paid toward the frivolous filing penalties for tax years 2009, 2010, and 2012. ECF No. 10 at 26–28.

Schlabach filed this lawsuit on February 13, 2018. ECF No. 1. As of February 13, 2018, the IRS had not yet rejected Schlabach's refund claims for tax years 2009, 2010, and 2012, and less than a month had expired since he filed them. ECF No. 9-1 at 9–12, 14–16, 18–20, 30–31, 33–34, 36–37; ECF No. 10 at 26–28.

Schlabach claims he "has converted all his received paychecks into lawful money of the United States ("U.S. Notes"), pursuant to the provisions of 12 U.S.C. § 411." ECF No. 1 at 1; *accord* ECF No. 21-1 at 1–2; ECF No. 21-2 at 3. Schlabach explains his "process is to stamp '*Redeemed in Lawful Money pursuant to 12 U.S.C. § 411*' on the endorsement line of each of his paychecks to assert his demand made to the Federal Reserve Bank where his checks are cashed and/or deposited." ECF No. 1 at 1; *accord* ECF No. 21-1 at 2; ECF No. 21-2 at 3. Schlabach claims federal reserve notes are obligations of the United States that may be redeemed in U.S. notes, which the Supreme Court has ruled are not subject to taxation. ECF No. 1 at 1–2, 5–6; *accord* ECF No. 21-1 at 1–2; ECF No. 24 at 9. Schlabach elaborates his belief that the law "provides access to . . . lawful money '**upon demand**'" and "assures '**full discharge**' of all obligations upon assignment or transfer of payments to the United States." ECF No. 1 at 5; *accord* ECF No. 21-1 at 1–2.

For tax year 2013, Schlabach filed an IRS Form 1040 entitled "U.S. Individual Income Tax Return." ECF No. 21-2 at 8; *see also* ECF No. 21-1 at 3. In his Form 1040, Schlabach claimed $54,084 in "[w]ages, salaries, tips, etc." from IRS Form W-2; subtracted $54,084 in "[o]ther income" he purported to have "REDEEMED IN LAWFUL MONEY PER 12 U.S.C. 411 ab initio"; then claimed zero dollars in "total income," "adjusted gross income," "taxable income," and tax liability. ECF No. 21-2 at 8–9; *see also* ECF No. 21-1 at 3. Schlabach signed his Form 1040, declaring he "examined this return and accompanying schedules and statements, and to the best of [his] knowledge and belief, they are true, correct, and complete." ECF No. 21-2 at 9; *see also* ECF No. 21-1 at 3.

The IRS determined the position Schlabach took in his 2013 tax return was frivolous under argument codes 16 and 30, as described further below. ECF No. 22-2 at 5–7; ECF No. 22-3 at 16–17.

## LEGAL STANDARD

The applicable summary judgment standard appears in the Court's January 18, 2019 order, ECF No. 19 at 10–11, and is incorporated herein.

## DISCUSSION

**A. The Court lacks subject matter jurisdiction over Schlabach's refund claims for tax years 2009, 2010, and 2012.**

The Court must dismiss a civil action if at any time it determines it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), (h)(3). Federal courts have

limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court presumes a civil action lies outside its limited jurisdiction and the burden to prove otherwise rests on the party asserting jurisdiction exists. *Id.* The opposing party can never forfeit or waive a challenge to subject matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

A district court has original jurisdiction over a taxpayer's civil action against the United States seeking "recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1). But as a jurisdictional prerequisite, the taxpayer must pay the full amount of the disputed tax, penalty, or sum. *Flora v. United States*, 362 U.S. 145, 146, 177 (1960); *Thomas v. United States*, 755 F.2d 728, 729 (9th Cir. 1985); *Diamond v. United States*, 603 F. App'x 947, 949 & n.1 (Fed. Cir. 2015). Next, the taxpayer must duly file a claim for refund or credit and the IRS must either reject it or fail to act on it in six months. I.R.C. §§ 7422(a), 6532(a). If these conditions are not satisfied, "[n]o suit or proceeding shall be maintained in any court." § 7422(a). Indeed, "[n]o suit or proceeding . . . shall be begun." § 6532(a).

Schlabach has not met these jurisdictional prerequisites for his refund claims regarding tax years 2009, 2010, and 2012. It is undisputed that Schlabach paid the

treasury department only fifteen percent, rather than the full amount, of the frivolous filing penalties for those tax years. Further, while Schlabach filed refund claims for those tax years, it is undisputed that he initiated this lawsuit without waiting for the IRS to either reject them or fail to act on them in six months.

Schlabach argues that, for the Court to acquire jurisdiction, he only needed to pay fifteen percent of the frivolous filing penalties within thirty days of notice. However, the statutory provision he relies on no longer applies to frivolous filing penalties. I.R.C. § 6703(c)(1) (amended by Omnibus Budget Reconciliation Act of 1989, Pub. L. No 101-239, § 7736(a), 103 Stat. 2106, 2404, to strike reference to penalties under I.R.C. § 6702); *see Diamond*, 603 F. App'x at 949 & n.1. The Court lacks jurisdiction over Schlabach's refund claims for tax years 2009, 2010, and 2012. Therefore, the Court does not reach the parties' remaining arguments for those claims.

**B.    No reasonable trier of fact could find for Schlabach on his refund claim for tax year 2013.**

The Court now turns to Schlabach's refund claim for tax year 2013. The IRS may impose a $5000 civil penalty on a person who files a frivolous tax return. I.R.C. § 6702(a).[2] The penalty applies if (1) the person files a document that purports to

---

[2] "A tax provision which imposes a penalty is to be construed strictly; a penalty cannot be assessed unless the words of the provision plainly impose it." *Bradley v. United States*, 817 F.2d 1400, 1402–03 (9th Cir. 1987) (citing *Comm'r v. Acker*, 361 U.S. 87, 91 (1959)).

ORDER GRANTING DEFENDANT'S CONVERTED MOTION FOR SUMMARY JUDGMENT **-** 7

be a tax return, (2) the document either contains information that on its face indicates the self-assessment is substantially incorrect or omits information on which the substantial correctness of the self-assessment may be judged, and (3) such conduct is either based on a position the IRS has identified as frivolous or reflects a desire to delay or impede tax administration. *Id.* The United States bears the burden of proving all three elements. I.R.C. § 6703(a); *Bradley v. United States*, 817 F.2d 1400, 1402 (9th Cir. 1987). The United States has met that burden here.

First, Schlabach's Form 1040 purports to be a tax return because it is entitled "U.S. Individual Income Tax Return" and he signed it while declaring he "examined this return and accompanying schedules and statements, and to the best of [his] knowledge and belief, they are true, correct, and complete." ECF No. 21-2 at 8–9; *see also Bradley*, 817 F.3d at 1403. Therefore, the United States has proven the first element of its claim that Schlabach is liable for frivolous filing penalties.

Second, Schlabach's Form 1040 contains information that on its face indicates his self-assessment is substantially incorrect. Schlabach claimed $54,084 in "[w]ages, salaries, tips, etc." from Form W-2; subtracted $54,084 in "[o]ther income" he purported to have "REDEEMED IN LAWFUL MONEY PER 12 U.S.C. 411 ab initio"; then claimed zero dollars in "total income," "adjusted gross income," "taxable income," and tax liability. ECF No. 21-2 at 8–9. A Form 1040 claiming zero dollars in taxable income and tax liability, while at the same time

reporting substantial income from Form W-2, is substantially incorrect on its face. *See generally* ECF No. 22-1 at 7 (identifying such a tax return as frivolous); ECF No. 22-2 at 5 (same). Therefore, the United States has proven the second element of its claim that Schlabach is liable for frivolous filing penalties.

The third element is dispositive. The issue is whether Schlabach's Form 1040 is either based on a position the IRS has identified as frivolous or reflects a desire to impede tax administration. "The test for frivolousness is purely an objective one. A position taken in a tax return is frivolous when the position has no basis in fact or law." *Bradley*, 817 F.2d at 1404 (citation omitted).

Schlabach claims he "has converted all his received paychecks into lawful money of the United States ("U.S. Notes"), pursuant to the provisions of 12 U.S.C. § 411." ECF No. 1 at 1; *accord* ECF No. 21-1 at 1–2; ECF No. 21-2 at 3. Schlabach explains his "process is to stamp '*Redeemed in Lawful Money pursuant to 12 U.S.C. § 411*' on the endorsement line of each of his paychecks to assert his demand made to the Federal Reserve Bank where his checks are cashed and/or deposited." ECF No. 1 at 1; *accord* ECF No. 21-1 at 2; ECF No. 21-2 at 3. Schlabach claims federal reserve notes are obligations of the United States that may be redeemed in U.S. notes, which the Supreme Court has ruled are not subject to taxation. ECF No. 1 at 1–2, 5–6; *accord* ECF No. 21-1 at 1–2; ECF No. 24 at 9. Schlabach elaborates his belief that the law "provides access to . . . lawful money '**upon demand**'" and

"assures '**full discharge**' of all obligations upon assignment or transfer of payments to the United States." ECF No. 1 at 5; *accord* ECF No. 21-1 at 1–2.

U.S. notes are legal tender just like federal reserve notes. *See* 31 U.S.C. § 5103 ("United States coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks) are legal tender for all debts, public charges, taxes, and dues."); *Legal Tender Status*, U.S. Dep't of the Treasury (Jan. 4, 2011, 4:47 PM), https://www.treasury.gov/resource-center/faqs/currency/pages/legal-tender.aspx. U.S. notes function as national currency and circulate in the same way as federal reserve notes. *Legal Tender Status*, *supra*. Unlike federal reserve notes, U.S. notes were redeemable in gold until the United States abandoned the gold standard in 1933. *Id.* Since then, U.S. notes have served essentially the same purpose, and have had the same value, as federal reserve notes. *Id.* "Because United States Notes serve no function that is not already adequately served by Federal Reserve Notes, their issuance was discontinued, and none have been placed in to circulation since January 21, 1971." *Id.*

U.S. notes "are obligations of the United States." *Bank v. Supervisors*, 74 U.S. (7 Wall.) 26, 30 (1868); *Legal Tender Status*, *supra*. U.S. notes "were intended to circulate as money, and, with [other] notes, to constitute the credit currency of the country." *Bank*, 74 U.S. (7 Wall.) at 30. In describing the then-short history of U.S. notes, the Supreme Court stated "[t]his currency, issued directly by the

government for the disbursement of the war and other expenditures, could not, obviously, be a proper object of taxation." *Veazie Bank v. Fenno*, 75 U.S. (8 Wall.) 533, 538 (1869). But in the next sentence, the Court noted this tax exemption changed the year after Congress created U.S. notes. *See id.* at 537–38. Specifically, the Court observed that when Congress established national banking associations, it again "recognized the expediency and duty of imposing a tax upon currency," and taxed the circulation of U.S. notes accordingly. *Id.* (footnote omitted) (citing Act of Feb. 23, 1863, ch. 58, § 19, 12 Stat. 665, 670).

Of course, considering their function as national currency, Congress once exempted U.S. notes from state or municipal taxation. *Bank*, 74 U.S. (7 Wall.) at 31; *Mitchell v. Bd. of Comm'rs*, 91 U.S. (1 Otto) 206, 208 (1875). But the Supreme Court expressly condemned the practice of converting assets to U.S. notes to avoid state or municipal taxation. *Shotwell v. Moore*, 129 U.S. 590, 596–97 (1889); *Mitchell*, 91 U.S. (1 Otto) at 208. Indeed, "the courts look upon this transaction as indefensible, and consider it an improper evasion of the duty of the citizen to pay his share of the taxes necessary to support the government which is justly due on his property." *Shotwell*, 129 U.S. at 597.

Schlabach's position is equally unjustifiable. Schlabach begins with the correct premise that currency is a redeemable obligation of the United States. But from there, Schlabach distorts matters by claiming the United States' obligation to

redeem currency automatically offsets his tax obligation to the United States. It is this aspect in particular that reflects indefensible tax evasion. *See id.*

Schlabach cannot avoid all tax liability by simply converting his paychecks into U.S. notes. The United States imposes a tax on every person's "taxable income." I.R.C. § 1. Taxable income is "gross income" minus allowable deductions. I.R.C. § 63(a). Gross income is "all income from whatever source derived." I.R.C. § 61(a). Congress intended to "tax all gains except those specifically exempted." *Comm'r v. Glenshaw Glass Co.*, 348 U.S. 426, 430 (1955). Hence, "wages are income." *Wilcox v. Comm'r*, 848 F.2d 1007, 1008 (9th Cir. 1988). Wages are "all remuneration . . . for services performed by an employee for his employer, including the cash value of all remuneration . . . paid in any medium other than cash." I.R.C. § 3401(a); *accord* I.R.C. § 3121(a) (defining wages as "all remuneration for employment"). In short, the income reported on Schlabach's Form W-2 is taxable regardless of whether he converts his paychecks into U.S. notes.

Considering all, it is apparent that Schlabach's position lacks any objective basis in fact or law, and is therefore frivolous. *Cf. Knigge v. Comm'r*, 756 F.2d 1377, 1378–79 (9th Cir. 1985). It is undisputed that the IRS identified Schlabach's position as frivolous, or else it would not have assessed frivolous filing penalties against him. Schlabach merely disputes how the IRS characterized the position he took in his 2013 tax return. This disagreement presents a legal dispute, not a factual

dispute, because it turns on whether given definitions apply to undisputed evidence. Either way, the IRS had a rational basis for characterizing Schlabach's argument the way it did.

The IRS must "prescribe (and periodically revise) a list of positions which [it] has identified as being frivolous." § 6702(c). This list must exclude any position the IRS determines is "a reasonable basis for the tax treatment of such item by the taxpayer." I.R.C. § 6662(d)(2)(B)(ii)(II); *see* § 6702(c). Under this authority, the IRS has issued at least three official lists of frivolous positions. *See Schlabach v. United States*, 101 Fed. Cl. 678, 683 (2011) (citing I.R.S. Notice 2010-33, 2010-17 I.R.B. 609, *superseding* I.R.S. Notice 2008-14, 2008-4 I.R.B. 310, *superseding* I.R.S. Notice 2007-30, 2007-14 I.R.B. 883); *see also* I.R.S., *The Truth About Frivolous Tax Arguments* (2018), https://www.irs.gov/pub/taxpros/frivolous_truth_march_2018.pdf.

Here, the IRS determined the position Schlabach took in his 2013 tax return fit argument codes 16 and 30. ECF No. 22-2 at 5–7; ECF No. 22-3 at 16–17. Argument code 16 "stands for 'In Lieu of (ILO)' and represents when an 'individual submits a document captioned, Statement in lieu of U.S. income tax Form 1040. Various other arguments may be used in the document.'" ECF No. 22-2 at 5 (quoting IRM exhibit 25.25.10-1.p (2018), https://www.irs.gov/irm/part25/irm_25-025-010r

#idm139738672161184). These "'various other arguments' could include both submissions associated with Arg[ument] Code 30 and submissions where a taxpayer 'elects to file a tax return reporting zero taxable income and zero tax liability even if the taxpayer received taxable income for which the return is filed, or similar arguments described as frivolous in [IRS publications].'" *Id.* (quoting I.R.S. Notice 2010-33, 2010-17 I.R.B. 609).

Argument code 30 "stands for 'Non-negotiable Chargeback (NNCB)' and represents when a 'filer attempts to sell his/her birthright back to the government for a large dollar amount and requests that a "Treasury Direct Account" be set up to hold the money.'" ECF No. 22-2 at 5 (quoting IRM exhibit 25.25.10-1.ad, *supra*). In prior years, when Schlabach filed tax returns claiming he redeemed his taxable income in nontaxable notes, the IRS associated his position with argument code 30. ECF No. 22-2 at 6–7; ECF No. 22-3 at 3–4, 7–9, 12–13.

Schlabach argues the position he took in his 2013 tax return does not fit any enumerated argument code because IRS publications do not specifically mention anything relating to his practice of converting his paychecks into U.S. notes. ECF No. 21-1 at 2, 4–5. But Schlabach also says he has no knowledge of the IRS's practices relating to frivolous tax returns. ECF No. 24 at 9. A revenue agent in the IRS's Frivolous Return Program explains how IRS personnel followed supervisor approval procedures in determining argument codes 16 and 30 apply to Schlabach's

position. *See* ECF No. 22-2 at 5–7 (citing I.R.C. § 6751(b)(1)); ECF No. 22-3 at 16–17. Further, the agent explains why, according to IRS publications, argument codes 16 and 30 are broad enough to encompass Schlabach's position. *See* ECF No. 22-2 at 5–7; ECF No. 22-3 at 16–17. Schlabach makes bald assertions objecting to these explanations but presents no significant probative evidence to genuinely dispute them. *See* ECF No. 24 at 1–4, 8–9.

The IRS had a rational basis for finding the position Schlabach took in his 2013 tax return fit argument code 16. By filing a tax return claiming zero dollars in taxable income and tax liability, while at the same time reporting substantial income from Form W-2, Schlabach submitted a document that common sense dictates could not be treated as a proper Form 1040. And, by claiming all taxable income had been "REDEEMED IN LAWFUL MONEY PER 12 U.S.C. 411 ab initio," Schlabach submitted a frivolous statement in lieu of a proper Form 1040.

The IRS also had a rational basis for finding the position Schlabach took in his 2013 tax return fit argument code 30. The reasons why appear in the Court's October 24, 2018 order, ECF No. 14 at 13–14, and are incorporated herein. Schlabach is correct that his position does not fit several chargeback argument examples described in IRS publications. ECF No. 21-1 at 5; ECF No. 24 at 1–2, 8–9. But Schlabach's position is an obvious variation of a chargeback argument because it rests on his claim that the United States' obligation to redeem currency

automatically offsets his tax obligation to the United States and can be charged back to produce zero dollars in taxable income and tax liability.

Even if the IRS mislabeled the position Schlabach took in his 2013 tax return, his conduct nonetheless reflects a desire to impede tax administration by engaging in indefensible tax evasion. *See Shotwell*, 129 U.S. at 597 (describing analogous behavior as "indefensible" and "an improper evasion of the duty of the citizen to pay his share of the taxes necessary to support the government which is justly due on his property"). Schlabach claims he "never intended to impede the collection or determination of any tax, and . . . only attempted to follow the laws of this country as written." ECF No. 21-1 at 6. But Schlabach's subjective intent is irrelevant because the standard "is purely an objective one," depending entirely on whether an objective factual or legal basis supports his position. *Bradley*, 817 F.2d at 1404. Schlabach's position is frivolous precisely because it lacks any objective basis in fact or law. In other words, a reasonable person would know Schlabach's position is meritless. Schlabach's conduct in asserting a position that a reasonable person would know is meritless—when evaluated under an objective standard—reflects a desire to impede tax administration by engaging in indefensible tax evasion.

Similarly, Schlabach argues frivolous filing penalties do not apply to him because he acted in good faith. ECF No. 1 at 6; *accord* ECF No. 21-1 at 6; ECF No. 24 at 9. Schlabach is incorrect. "If a purported return reflects a position that the IRS

has identified as 'frivolous,' the taxpayer's good-faith belief in the correctness of his position cannot serve as a defense to the [frivolous filing] penalty." *Whitaker v. Comm'r*, 114 T.C.M. (CCH) 377 (2017) (citing *Hudson v. United States*, 766 F.2d 1288, 1291 (9th Cir. 1985)).

In his 2013 tax return, Schlabach took a position that the IRS had identified as frivolous and that reflected a desire to impede tax administration. *See* § 6702(a). Schlabach's arguments to the contrary are meritless. Therefore, the United States has proven the third element of its claim that Schlabach is liable for frivolous filing penalties.

Two additional matters require the Court's attention. First, Schlabach originally argued that imposing frivolous filing penalties violates 12 U.S.C. § 95a(2). ECF No. 1 at 6. But this statute no longer exists and otherwise does not apply in this context.[3] In light of such information, Schlabach appears to have

---

[3] 12 U.S.C. § 95a(2) "is no longer valid." *United States v. McLaughlin*, No. 3:17-CR-129 (MPS), 2018 WL 4854624, at *14 (D. Conn. Oct. 5, 2018), *appeal docketed*, No. 19-308 (2d Cir. Feb. 4, 2019); *Taylor v. United States*, No. 2:18-CV-11185, 2018 WL 4304158, at *4 (E.D. Mich. Sept. 10, 2018). "12 U.S.C. § 95a(2) was omitted from the [United States Code] effective December 1, 2015, because an identical section exists in 50 U.S.C. § 4305(b)(2) and has since 1941." *McLaughlin*, 2018 WL 4854624, at *14 (alteration in original) (internal quotation marks omitted). "Even before it was omitted, however, the statute related to the President's authority to regulate transactions involving foreign parties during times of war." *Harrington v. Sterling* (*In re Sterling*), 558 B.R. 671, 682 (Bankr. S.D.N.Y. 2016); *accord McLaughlin*, 2018 WL 4854624, at *14 n.13. "It has nothing to do with this case." *McLaughlin*, 2018 WL 4854624, at *14 n.13.

ORDER GRANTING DEFENDANT'S CONVERTED MOTION FOR SUMMARY JUDGMENT **-** 17

abandoned this argument. *Compare* ECF No. 1 at 6, *with* ECF No. 14 at 9 & n.3, *and* ECF Nos. 21, 21-1 & 24. Likewise, the Court rejects this argument.

Finally, Schlabach argues the IRS violated due process principles in the course of imposing frivolous filing penalties. ECF No. 1 at 6; ECF No. 24 at 8. But Schlabach utterly fails to demonstrate how the notice and opportunity to be heard he received violated constitutional guarantees. *See* ECF No. 1 at 6; ECF No. 10 at 7–8; ECF No. 21-2 at 6, 10–12; ECF No. 24 at 8; *see also Jolly v. United States*, 764 F.2d 642, 645–47 (9th Cir. 1985). Accordingly, the Court rejects this argument.

Viewing all evidence and drawing all reasonable inferences in the manner most favorable to Schlabach, no reasonable trier of fact could find in his favor on his refund claim for tax year 2013. On the contrary, a reasonable trier of fact could only find in favor of the United States. Therefore, the United States has met its initial burden in support of summary judgment. By contrast, Schlabach has failed to point to specific facts establishing a genuine dispute of material fact for trial. Schlabach has failed to introduce the significant probative evidence required to defeat summary judgment. And, to the extent Schlabach has identified genuine factual disputes, they are not material because they do not affect the outcome of this litigation and do not require trial to resolve differing versions of the truth.

In sum, the record establishes that no genuine dispute exists as to any material fact and the United States is entitled to judgment as a matter of law.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's converted motion for summary judgment, **ECF No. 9**, is **GRANTED**.

    *A.* Schlabach's 2009, 2010, and 2012 claims are **DISMISSED WITHOUT PREJUDICE**.

    *B.* **SUMMARY JUDGMENT** in Defendant's favor is entered on Schlabach's 2013 claim.

2. The Clerk's Office is directed to **ENTER JUDGMENT** for Defendant.

3. The Court certifies that an appeal of this Order could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

4. All pending motions are **DENIED AS MOOT**.

5. All hearings and other deadlines are **STRICKEN**.

6. The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to *pro se* Plaintiff and Defendant's counsel.

**DATED** this 25th day of March 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge