FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

APR 16 2019

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN SCHLABACH,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES,<br><br>    Defendant | Case No.: 2:18-cv-00053-SMJ<br><br>PLAINTIFF'S MOTION FOR RECONSIDERATION PURSUANT TO RULE 59(a)(2) |

PLAINTIFF John Schlabach, files this motion to reconsider pursuant to FRCP 59(a)(2) for errors in law, statutes, errors in the rules of evidence, relying on a lack evidence, which was/is materially harmful to my case. Therefore, I am filing this motion to reconsider.

### *SUMMARY JUDGMENT STANDARD*

1. Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

2. There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. <u>Anderson v. Liberty</u>

*Lobby, Inc.*, 477 U.S. 242, 253, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir.1987).

3. The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial — e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service, Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990).

4. The court violated the summary judgement standards, as it relied on an irrelevant declaration and inadmissible evidence pursuant to the Federal Rules of Evidence 602. Further, the court ruled contrary to the facts and granted summary judgement in error because evidence that is mandated to exist by law was missing. Not allowing the nonmoving party discovery to obtain missing relevant evidence is clear error and a materially harmful judicial error.

5. The court, lacking any evidence, granted the summary judgement without any direct evidence to support the motion for summary judgement. Starting with fact that in the government's declaration the agent stated he was unaware of any granting of authority pursuant to 26 USC section 6751(b) (1) which states, in general: "*No penalty under this title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher level official as the Secretary may designate.*" Emphases added

6. The court granted the summary judgement without allowing the nonmoving party an opportunity to discover that the IRS didn't follow the MANDATORY requirements of

the law. The attempt to enforce one statute and ignoring another that is just as relevant is clear error and no equal justice under the law. Further, as defined in the summary judgement standards, there were no answers to interrogatories, admissions or evidence of documents, or lack thereof. So, it becomes impossible for the court to be impartial and rule in the best interest of the nonmoving party by granting summary judgment. Clearly there is evidence not in the record that is mandated to exist by law.

7. The IRS agent declared, in the objected to declaration, that there is no evidence, therefore the court cannot in good consentience grant the summary judgement motion.

8. A frivolous determination cannot be asserted in this case on its face, as the reference is to a legal and valid statute of the United States Codes. *"[the purpose of a return is] to get tax information in some form... that the physical task of handling and verifying returns may be readily accomplished."* United States v. Hatton, (9th Cir. 2000) 220 F.3d 1057, 1060, and 1061.

9. The agent's declaration states (docket 22-2) that the agent, initial agent is presumed, would have obtained a manager's approval, however he failed to provide said signed approval as mandated by law.

10. Further, the agent making the declaration has no personal, first-hand knowledge, didn't identify the agent who made the determination or his/her manager, nor produced any evidence to support any of the actions of the agent making the determination. The question the court should have is; "Why didn't the agent that made the determination file a declaration along with the mandatory documentation?" Discovery would show there was no agent that actually made the determination it was just entered by a data entry clerk without any authority to make a legal determination.

11. The court relied on a declaration of an IRS agent who declared he had no first-hand knowledge, did not make the determination, was not present when the determination was made, and that he was not aware of any managers written authority. The court completely ignored the nonmoving party's sworn affidavit, which completely contradicts the allegations made in the government's declaration.

12. The court presumed there were valid assessments without any evidence pursuant to the statutes, regulations and the federal rule of evidence and as per 26 CFR 301.6203-1. *"The threshold issue of the validity of the assessment is crucial. We reverse on the ground that*

*a valid assessment against the transferor's estate was not made, because of an assessment officer's failure to sign the certificate of assessment."* Brafman v. United States, 384 F. 2d. 863, 864-865 (1967)

13. There is no evidence in the record of any assessment, signed or unsigned. Considering that the evidence defendant is mandated to produce under 26 CFR 301.6203-1 and 26 USC 6751, the court made a clear error on applying the federal rules of evidence and the standards of a summary judgement.

14. The court allowed a declaration in violation of rule of evidence 901(a), which is clear error, the agent only had knowledge of a process, no knowledge of the facts, or the actual process used, or followed in my case. The declaration also alluded to a manager's approval, however, as noted above, provided no evidence or any document signed by a manager.

15. The declaring agent was not involved in the actions in my case therefore his declaration cannot be used by this court to make a ruling, especially when clearly objected to, pursuant to the federal rules of evidence. See docket entry 24 my affidavit.

16. The denial of discovery also denied the nonmoving party the opportunity to discover missing evidence to prove his case. The denial of discovery and the right to present evidence due to the premature ruling is a denial of due process.

17. *"...irrebuttable presumptions have long been disfavored under the Due Process Clauses of the Fifth and Fourteenth Amendments."* United States Supreme Court, Vlandis v. Kline, 412 U.S. 441 (1973) *"A fundamental requirement of due process is "the opportunity to be heard." Grannis v. Ordean, 234 U.S. 385, 394. It is an opportunity which must be granted at a meaningful time and in a meaningful manner."* United States Supreme Court, Armstrong v. Manzo, 380 U.S. 545 (1965) Part of the burden is showing the signed approval of the penalties and that the process was lawful.

18. The court violated the summary judgement standards, as it failed to "resolve any factual issues of controversy in favor of the nonmoving party… when the facts specifically attested by that party contradict facts specifically attested by the moving party." In this case my Affidavit, Docket 24, specifically contradicts the government's declaration asserting that I had attempted to sell my birthright or set up a Treasury Direct Account.

The court completely ignored all of my disputed testimony and improperly resolved all the disputed facts in favor of the moving party.

RULES OF EVIDENCE

19. The declaration of the IRS agent docket 22-2 is not admissible as evidence and I have already objected to the court relying on the declaration. For some reason the court ignored this objection, never even responded to it, and did not comply with FRE 602, 901 and 902.

20. Document 22-3 has no authentication or certification, therefore in cannot be considered pursuant to Fed Rules of Evidence 901 and 902 and therefore inadmissible. Relying on inadmissible evidence is clear error. Additionally, there is no showing of the chain of custody for the document, docket 22-3, so this violates the Federal Rules of Evidence.

21. The lack of evidence shows there are genuine issues of material facts in dispute as testified to by the nonmoving party's verified affidavit. The declaration states a process of claiming or selling one's birthright, which has been disputed by affidavit of one having first hand knowledge. If this allegation was used to rule against the nonmoving party, or for denying discovery to the nonmoving party, that is materially harmful judicial error.

22. The alleged evidence 22-3 was relied on without proper submission, therefore clear error by the court, and a materially harmful judicial error. There is no evidence, let alone sufficient evidence, of such probative value as to support the verdict of the jury or a finding of fact by the court.

23. Both the IRS agent's declaration, docket 22-2, and its attachment, docket 22-3, should have be stricken from the record pursuant to the Federal Rules of Evidence.

**Conclusion**

24. Because the court relied on evidence not in the record, or submissions unsubstantiated or uncertified and without any record of the custodian of these records, or presentments not certified, this is clear error. The court made materially harmful errors and this motion is to cure said errors.

**Wherefore**, I move this court to reconsider the order granting the motion for summary judgment and allow for discovery for factually missing evidence, interrogatories and admissions to cure the errors.

Respectfully submitted,

Dated this 19 day of April 2019.

_____
John Schlabach
PO Box 362
Mead, Washington 99021
johnjsch@gmail.com
509-953-1060