FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 16, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN SCHLABACH,<br><br>                    Plaintiff,<br><br>          v.<br><br>UNITED STATES OF AMERICA, and its agents,<br><br>                    Defendant. | No.    2:18-cv-00053-SMJ<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION PURSUANT TO RULE 59(a)(2)** |

Before the Court, without oral argument,[1] is *pro se* Plaintiff John Schlabach's Motion for Reconsideration Pursuant to Rule 59(a)(2), ECF No. 27. Schlabach asks the Court to reconsider its March 25, 2019 order granting Defendant the United States of America's converted motion for summary judgment, ECF No. 25. Having reviewed the file and relevant legal authorities, the Court denies Schlabach's motion for reconsideration.

Schlabach cites Federal Rule of Civil Procedure 59(a)(2) as authority for his motion for reconsideration. ECF No. 27 at 1. But that rule governs a motion for a new bench trial. *See* Fed. R. Civ. P. 59(a)(2). Because Schlabach filed his motion

---

[1] Because oral argument is unnecessary, the Court decides Schlabach's motion without it. *See* LCivR 7(i)(3)(B)(iii).

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION PURSUANT TO RULE 59(a)(2) **-** 1

1    for reconsideration within twenty-eight days of entry of judgment in favor of the

2    United States, the Court construes it as a motion to alter or amend the judgment

3    under Rule 59(e). *See Rishor v. Ferguson*, 822 F.3d 482, 489–90 (9th Cir. 2016);

4    *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th

5    Cir. 2001).

6         Altering or amending a judgment under Rule 59(e) "is an 'extraordinary

7    remedy' usually available only when (1) the court committed manifest errors of law

8    or fact, (2) the court is presented with newly discovered or previously unavailable

9    evidence, (3) the decision was manifestly unjust, or (4) there is an intervening

10   change in the controlling law." *Rishor*, 822 F.3d at 491–92 (quoting *Allstate Ins.

11   Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011)); *accord McDowell v. Calderon*,

12   197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc). Schlabach fails to meet this

13   standard.

14        Schlabach argues the Court erred by relying on an irrelevant declaration and

15   irrelevant exhibits from an Internal Revenue Service ("IRS") agent who lacks

16   personal knowledge to testify or authenticate documents. ECF No. 27 at 2–5. Thus,

17   Schlabach objects to this evidence under Federal Rules of Evidence 401, 602, 901,

18   and 902. *Id.* But Schlabach raises this objection for the first time in his motion for

19   reconsideration. *See Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890

20   (9th Cir. 2000) (stating a motion to alter or amend a judgment under Rule 59(e)

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
PURSUANT TO RULE 59(a)(2) **-** 2

"may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation"); *accord Rishor*, 822 F.3d at 492.

While Schlabach claims he raised this objection earlier, his contention was not evidentiary in nature. He wrote, "ECF No. 22-2 . . . In its entirety contains unsubstantiated false, inflammatory, discriminatory, racist, slanderous, and prejudicial claims against me and I hereby object to their admission into the court record." ECF No. 24 at 2. The Court addressed his contention, noting, "Schlabach makes bald assertions objecting to the[ IRS agent's] explanations but presents no significant probative evidence to genuinely dispute them." ECF No. 25 at 15. Schlabach never previously objected on grounds of relevance, personal knowledge, or authentication.

Regardless, Schlabach's evidentiary analysis is incorrect. The evidence is relevant because it tends to make it more probable that Schlabach is liable for frivolous filing penalties. *See* Fed. R. Evid. 401. The IRS agent had personal knowledge of the matters to which she testified because they are based on her professional experience in the IRS Frivolous Return Program as well as her own review and analysis of records in Schlabach's file. *See* ECF No. 22-2 at 2–7; Fed. R. Evid. 602. The IRS agent authenticated those records by demonstrating she has knowledge of them and they are what they purport to be—"true and correct

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION PURSUANT TO RULE 59(a)(2) **-** 3

1   cop[ies]" of "[p]ertinent information contained in the [IRS Frivolous Return

2   Program's] Master Action History for John Schlabach." ECF No. 22-2 at 6; *see also*

3   Fed. R. Evid. 901(a)(1). The Court did not err.

4        Schlabach argues the Court erred by relying on the IRS agent's declaration

5   because it said "there is no evidence." ECF No. 27 at 3. He is mistaken, as the

6   declaration says no such thing. *See* ECF No. 22-2.

7        Schlabach argues the Court erred by ignoring his affidavit, which

8   "completely contradicts" the IRS agent's declaration. ECF No. 27 at 3–5. Contrary

9   to Schlabach's assertion, the Court considered the entire record, cited his filings

10  numerous times, and ultimately concluded, under the applicable legal standard, that

11  he "failed to point to specific facts establishing a genuine dispute of material fact

12  for trial" and "failed to introduce the significant probative evidence required to

13  defeat summary judgment." ECF No. 25 at 18; *see also id.* at 2. The Court noted

14  "Schlabach makes bald assertions objecting to the[ IRS agent's] explanations but

15  presents no significant probative evidence to genuinely dispute them." *Id.* at 15. The

16  Court also explained that, "to the extent Schlabach has identified genuine factual

17  disputes, they are not material because they do not affect the outcome of this

18  litigation." *Id.* at 18. Throughout the process, the Court "[v]iew[ed] all evidence and

19  dr[e]w[] all reasonable inferences in the manner most favorable to Schlabach." *Id.*

20  His claims still failed. *See id.*

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
PURSUANT TO RULE 59(a)(2) **- 4**

1    Schlabach argues the Court erred by granting summary judgment in favor of

2    the United States without giving him an opportunity to obtain discovery. ECF No.

3    27 at 2–4. But Schlabach is not entitled to discovery where, as here, the Court

4    (1) lacks subject matter jurisdiction over three out of his four claims, and

5    (2) concludes his fourth claim is, as a matter of law, based on a frivolous tax position

6    that a reasonable person would know is meritless and reflects indefensible tax

7    evasion. *See* ECF No. 25 at 5, 7, 12, 16, 18. Discovery would not change either of

8    the Court's determinations. The factual disputes Schlabach raises are immaterial to

9    the determinative issues in this case.

10    Schlabach argues the Court erred because the tax position he took could not

11    be frivolous where he cited to a valid federal statute. ECF No. 27 at 3. As the Court

12    noted, "Schlabach begins with the correct premise that currency is a redeemable

13    obligation of the United States. But from there, Schlabach distorts matters by

14    claiming the United States' obligation to redeem currency automatically offsets his

15    tax obligation to the United States." ECF No. 25 at 11–12; *see also id.* at 15–16.

16    This distortion, the Court concluded, "is frivolous . . . because it lacks any objective

17    basis in fact or law." *Id.* at 16. It is irrelevant that Schlabach subjectively believed

18    his tax position was correct. *Id.* at 16–17. A reasonable person would know

19    Schlabach's tax position is meritless and reflects indefensible tax evasion. *Id.* at 16.

20    Schlabach argues the Court erred by assuming, without evidence, that the tax

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
PURSUANT TO RULE 59(a)(2) **- 5**

assessments were validly made in accordance with mandated procedures. ECF No.
27 at 3–4. The decision rests on ample evidence, as the Court previously directed
both parties to "submit all evidence pertinent to the summary judgment motion, as
it relates to the specific facts outlined." ECF No. 19 at 12–13. The United States
then submitted the IRS agent's declaration, which "explains how IRS personnel
followed supervisor approval procedures in determining argument codes 16 and 30
apply to Schlabach's position." ECF No. 25 at 14–15. While the United States did
not submit all evidence that conceivably could have been submitted, what it
submitted was sufficient to meet its burden of proving Schlabach is liable for
frivolous filing penalties. *See id.* at 7–9, 17–18. Nothing more was required.

Considering all, no grounds exist for the Court to grant Schlabach the
extraordinary remedy of altering or amending the judgment under Rule 59(e). The
Court will not reconsider the judgment in favor of the United States.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Plaintiff's Motion for Reconsideration Pursuant to Rule 59(a)(2), **ECF
      No. 27**, is **DENIED**.

2.    The Court certifies that an appeal of this Order could not be taken in
      good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

//

//

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
PURSUANT TO RULE 59(a)(2) **-** 6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to *pro se* Plaintiff and Defendant's counsel.

**DATED** this 16th day of May 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
PURSUANT TO RULE 59(a)(2) **-** 7